Sarnoskie v. Beadling

Before Soffel, Nixon and Brosky, JJ.

*P. J. McArdle*, for plaintiff.

*Harry W. Miller, Robert Van der Voort* and *Royston, Robb & Leonard*, for defendant.

*Cohen & Popiel*, for additional defendant.

NIXON, J., November 28, 1961.—The above-captioned actions arose out of an accident occurring on December 18, 1954, at approximately 11:30 p.m., when an automobile operated by Claire H. Beadling collided head on with one operated by Arthur J. Granlund. Mr. Beadling had four passengers in his automobile, one of whom, Donald Sarnoskie, commenced suit against the administrator of Claire Beadling's estate for the injuries Sarnoskie sustained. The administrator joined Arthur J. Granlund as an additional defendant. In a separate suit, Mr. Granlund brought an action against Beadling's administrator for his injuries. By motion of Beadling's administrator, the suits were consolidated for trial.

Prior to trial, Beadling's administrator exercised his right to take the deposition of Granlund under the applicable Pennsylvania Rules of Civil Procedure.

A jury trial resulted in verdicts for both plaintiffs. Sarnoskie recovered a verdict of $12,500 against Beadling's administrator (Granlund was exonerated), and in the consolidated action Granlund recovered a verdict of $7,000 against Beadling's administrator. The latter then filed motions for judgment n. o. v. and for a new trial in both actions. His principal contention is that the trial judge erred in permitting Granlund

to testify as for cross-examination in the Sarnoskie case and in direct examination in Granlund's own case. Counsel for the administrator cites the popularly known Dead Man's Act of May 23, 1887, P. L. 158, sec. 5, cl.(e), 28 PS §322, as the ground for his position that Granlund was incompetent to testify. That act provides as follows:

"Nor, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . party, be a competent witness to any matter occurring before the death of said party. . . ."

In discussing the Act of 1887, supra, and its predecessor, the Act of April 15, 1869, P. L. 30, George M. Henry (a noted authority on Pennsylvania Evidence) states in 5 Univ. Pitts. L. Rev. 125 (1939):

"Under the common law rule which existed in Pennsylvania prior to the Act of April 15, 1869, P.L. 30, parties were excluded from testifying in their own suits and witnesses were incompetent whenever it appeared they had an interest in the subject matter in controversy. . .

(At page 126):

"In general, the rules of construction established by our courts in applying the acts of 1869 and 1887, are, first, that *competency is the rule, incompetency the exception,* all persons being held competent, except those specifically declared to be incompetent, the burden being on one objecting to a witness to establish his incompetency; second, that *the acts should receive a liberal construction to effect their purpose;* third, that they relate solely to the competency of interested as

distinguished from disinterested witnesses; and fourth, *that they are enabling and not disqualifying acts* and do not make any person incompetent who was competent before their passage." (Italics supplied.)

In his treatise on evidence, 2 Henry Pa. Evid., 4th Ed., §765, at page 198, Henry says:

"Calling an opponent to testify makes him competent for himself in any subsequent trial of the same proceeding providing the issues and the parties are the same. *The rule applies also where depositions of an opponent have been taken* . . ." (Italics supplied.)

This seems to be a fair and equitable rule. If the original defendant, under our rules of discovery, is permitted to take the deposition of Granlund and thereby secure valuable information prior to trial, why should Granlund's lips be sealed at the time of trial? By calling Granlund for deposition, the original defendant should be held to have made him competent for all purposes. As a matter of fact, excerpts of Granlund's deposition were read into the record by original defendant's counsel in an effort to attack his credibility as a witness.

It should be further noted that Granlund was called for cross-examination by Sarnoskie's counsel. Section 7 of the Act of May 23, 1887, P. L. 158, 28 PS §381, states:

"In any civil proceeding, whether or not it be brought or defended by a person representing the interests of a deceased . . . assignor of any thing or contract in action, a party to the record, or a person for whose immediate benefit such proceeding is prosecuted or defended, . . . or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examination, subject to the rules of evidence applicable to witnesses under cross-examination, and the adverse party calling such witnesses shall

not be concluded by his testimony, *but such person so cross-examined shall become thereby a fully competent witness for the other party* as to all relevant matters whether or not these matters were touched upon in his cross-examination . . ." (Italics supplied.)

When he was called, it was doubtful whether Granlund's testimony would aid plaintiff, the original defendant or himself. In truth, the effect of his testimony was for the jury. The effect of calling a person for cross-examination is to make the witness so called or his coplaintiffs or codefendants competent witnesses for themselves as to all relevant matters though not touched upon in the cross-examination: 2 Henry Pa. Evid., 4th Ed., §765, page 194.

Assuming Granlund was competent to testify as for cross-examination in the claim of Sarnoskie against Granlund, was Granlund also competent to testify against the original defendant, Beadling's administrator, and competent to testify in his own behalf in his own claim against the estate of Beadling? To charge the jury to listen to Granlund in Sarnoskie's claim against him, but to close its ears in Sarnoskie's claim against Beadling's administrator, might be technically correct under the present state of Pennsylvania statutory and case law, but practically senseless. The jury, whether consciously or unconsciously, will take to the jury room with them all that has been said.

Further, by consolidating the actions, Beadling's administrator took the risk that Granlund would be rendered competent by being called as for cross-examination in Sarnoskie's claim against him, which claim Beadling's administrator placed in litigation by joining Granlund for joint or *several* liability.

This court is not unmindful of efforts by distinguished members of the Pennsylvania bar urging repeal of the Act of 1887. Its original purpose in qualifying witnesses who until that time were incompe-

tent to testify has worked an extreme hardship on surviving parties, especially where no disinterested witnesses are available to support the surviving party's claim. While courts cannot legislate, they can construe existing legislation so as to do complete justice to all parties. We believe a refusal of the motions for judgment n. o. v. and for new trial would effectuate such a principle.