Opinion by
 

 Montgomery, J.,
 

 This is an appeal from a judgment in an action for personal injuries arising out of a collision between an automobile being driven by the appellant’s decedent and one driven by the appellee on December 1, 1960.
 

 On November 8, 1961, after the decedent died from causes unrelated to the collision, appellee filed an action for the recovery of damages. Following institution of the suit, the appellant filed interrogatories to be answered under oath by appellee. Interrogatory No. 12 reads as follows: “Describe in narrative form and in detail the events leading up to and immediately following the accident alleged in your complaint, including the manner in which the accident occurred and the purpose of the motor vehicle operation on that day.” The appellee’s answer to the foregoing interrogatory was as follows: “By way of answer to Interrogatory No. 12, the averments of the Complaint, paragraphs 5-8 inclusive, are incorporated herein by reference as fully as though set forth at length herein.”
 

 The case was heard by a Board of Arbitrators which awarded damages in the amount of $1,291.43 to the appellee. An appeal was taken by the administrator of the decedent to the Court of Common Pleas of Le-high County, and following a trial by jury a verdict for the appellee was entered in the amount of $1,011.63. At the trial the court below permitted the appellee to testify over the objection of the appellant who contended that the appellee was incompetent by virtue of the provision of the so-called “Dead Man’s Act”, Act of May 23, 1887, P. L. 158, section 5 cl.
 
 (e); 28
 
 P.L. 322. The court ruled that the appellee was competent to testify because the filing of the interrogatories by the appellant which had been answered by the appellee precluded the operation of the “Dead Man’s Act”.
 

 
 *82
 
 The sole question raised by the appellant’s motion for a new trial and judgment n.o.v., the denial of which is the basis of this appeal, is whether the filing of interrogatories is tantamount to a waiver of the provisions of the “Dead Man’s Act”.
 

 Under this statute a surviving party to a thing or contract in action is not a competent witness against the decedent as to any matter which occurred prior to his death. Under the provisions of this act the general rule is that in trespass actions for personal injuries against the alleged wrongdoer’s administrator, the plaintiff is not competent to testify to anything that occurred during the wrongdoer’s life.
 
 Kuhns v. Brugger,
 
 390 Pa. 331, 135 A. 2d 395.
 

 This section was intended to prevent the injustice which might flow from permitting the surviving party to an occurrence to testify favorably to himself and adversely to decedent, which testimony decedent’s representative would be in no position to refute.
 
 Weaver v. Welsh,
 
 325 Pa. 571, 191 A. 3.
 

 The disqualification of a surviving party to testify as to matters occurring in a decedent’s lifetime is removed when the decedent’s representatives call a witness to testify as to such matters, and in such case the surviving party may testify as to matters concerning which evidence has been so introduced. 97 C.J.S. Witnesses 241-242.
 

 In the case of
 
 Sarnoskie v. Beadling,
 
 28 Pa. D. & C. 2d 1, the court quoted 2 Henry Pa. Evid. 4th Ed. §765: “Calling an opponent to testify makes him competent for himself in any subsequent trial of the same proceeding providing the issues and the parties are the same. The rule applies also where depositions of an opponent have been taken . .
 

 The court concluded that if the original defendant, under our rules of discovery, is permitted to take the deposition of an adverse party and thereby secure
 
 *83
 
 valuable information prior to the trial, the lips of the adverse party should not be sealed at the time of the trial.
 

 In another Pennsylvania case, it was held that the surviving party became competent to testify when the defendant offered into evidence the deposition of the defendant’s decedent.
 
 Rosche v. McCoy,
 
 397 Pa. 615, 156 A. 2d 307.
 

 Appellant attempts to distinguish these cases from the instant case on the ground that in the cited cases there was a possible element of prejudice, but claims that in the instant case such a possibility of prejudice is lacking since the answers to the interrogatories were not only not used, but disclosed nothing insofar as the liability of the respective parties is concerned. This distinction is not tenable as it is obviously predicated on the idea that the admitted testimony would be harmful unless it was refuted. However, it is adverse interest, not adverse testimony,'which disqualifies a witness from testifying as to anything occurring before the death of the decedent.
 
 Engemann v. Colonial Trust Company,
 
 378 Pa. 92, 105 A. 2d 347.
 

 The general rule in other jurisdictions is clearly that the taking of a deposition of a witness concerning any occurrences involving a deceased party amounts to a waiver of the incompetency of a witness and that the mere taking of a deposition amounts to a waiver even though the deposition is never filed or is not used in evidence by the party taking it. 58 Am. Jur., Witnesses, §360;
 
 Smith, Administratrix v. Clark,
 
 219 Ark. 751, 244 S.W. 2d 776;
 
 Cox v. Gettys,
 
 53 Okla. 58, 156 P. 892. The rule as to waiver of incompetency of the adverse party has also been applied where the examination was by means of interrogatories.
 
 Nolty v. Fultz,
 
 277 Ky. 49, 125 S.W. 2d 749;
 
 Jones v. Jones,
 
 245 Ala. 613, 18 So. 2d 365;
 
 Woodyard, Admr. v. Sayre,
 
 
 *84
 
 90 W. Va. 547, 111 S.E. 313;
 
 Smith, Administratrix v. Clark,
 
 supra.
 

 The very use of depositions or interrogatories requires tbe adverse party to give testimony in a way sanctioned by tbe Pennsylvania Rules of Civil Procer dure. Pa. R. C. P. 4001-4025. These rules include written interrogatories as depositions. Pa. R. C. P. 4004. This is tbe equivalent of placing bim on tbe witness stand. As stated in
 
 Cox v. Gettys,
 
 supra, and quoted by tbe court below: “Any other construction of tbe statute would enable one party to search tbe conscience of his adversary, drag to light bis private papers and other evidence, and then repudiate tbe result, if tbe experiment proved unsatisfactory.”
 

 Judgment affirmed.