## Anderson, Appellant, v. Hughes.

88

Argued January 7, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused April 19, 1965.

*Michael C. Rainone,* for appellant.

*James E. O'Neill, Jr.,* with him *W. Richard Gentry,* and *Rogers & O'Neill,* for appellees.

OPINION BY MR. JUSTICE JONES, March 16, 1965:

On March 29, 1959, at approximately 11:30 a.m., Gary Anderson (Anderson), owned and was then operating a motor vehicle which was the last vehicle in a funeral procession, consisting of 12 or 13 other vehicles, which was proceeding along West Chester Pike, Chester County, en route to Rolling Green Cemetery. At the cemetery entrance, the lead vehicle in the procession stopped to effect an entry into the cemetery and Anderson's vehicle stopped. As Anderson's vehicle stopped it was struck in the rear by a truck. This

truck was operated by one Gene Ford (Ford), an employee of and engaged at the time upon the business of James Hughes, Jr., James Hughes, Sr. and Donald Hughes, individuals and trading as Hughes & Sons (Hughes), the owners of the truck.

Anderson instituted a trespass action in the Court of Common Pleas of Chester County against Ford and Hughes. After a trial before a court and jury, the jury returned a verdict in favor of Ford and Hughes and against Anderson. Anderson filed motions both for a new trial and judgment n.o.v.; the latter was withdrawn and the former was dismissed by the court below. From judgment entered upon the verdict this appeal was taken.

Anderson contends: (1) the evidence so *clearly* reveals negligence on the part of Ford and Hughes and the lack of negligence on the part of Anderson that Anderson is entitled to a new trial limited to the question of damages; (2) in view of the weight of the evidence, a new trial generally must be granted; (3) the trial court erroneously applied the so-called "Dead Man's" rule[1] and excluded the testimony of Anderson as against Hughes and such error requires a new trial be granted; (4) the instructions of the trial court were confusing, contradictory and incorrect and, therefore, a new trial must be granted.

First, Anderson takes the position that, in view of the evidence, the trial court should have directed a verdict at trial against Hughes and Ford on the ground of liability and, not having done so, a new trial limited to damages must now be granted. In support of his contention, Anderson relies in large part upon the so-called "incontrovertible physical facts" rule.[2]

---

[1] Act of May 23, 1887, P. L. 158, §5(e), 28 P.S. §322.

[2] *Hall v. Ziegler*, 361 Pa. 228, 64 A. 2d 767, *Steffenson v. Lehigh Valley Transit Co.*, 361 Pa. 317, 64 A. 2d 785 and *MacNeill v. Makos*, 366 Pa. 465, 77 A. 2d 378, upon which Anderson relies, are, in this respect, inapposite.

This rule has no application under the factual situation presented in the case at bar: *MacDonald v. Pennsylvania R. R. Co.*, 348 Pa. 558, 561, 562, 36 A. 2d 492. See also: *Giragosian v. Philadelphia*, 394 Pa. 476, 147 A. 2d 309; *Chapple v. Sellers*, 373 Pa. 544, 96 A. 2d 868. The testimony in the case at bar is oral testimony and our review of the record indicates that the jury could well have found, from this oral evidence, that Ford's operation of the truck was negligent and Anderson's operation of his vehicle non-negligent or that Ford's operation of the truck was not negligent or that Anderson's operation of his vehicle was negligent or that both parties in the operation of their respective vehicles were negligent. However, the resolution of these issues of negligence and contributory negligence was clearly a matter for the jury to determine. There is no warrant in the law, under the instant factual situation, for the grant of a new trial limited to damages.

Anderson's second contention is without merit. What Anderson urges is that, since the evidence so clearly shows not only that he was free of negligence and that Ford and Hughes were negligent, the verdict of the jury was contrary to the weight of such evidence. We do not so read the record.

The third contention is of more serious import. This action was instituted against James Hughes, Jr., James Hughes, Sr. and Donald Hughes, individually and trading as Hughes & Sons. Subsequent to the institution of the action but prior to the trial thereof, James Hughes, Sr. died and his personal representative was substituted of record in his stead. At the trial, the court permitted Anderson to testify against Ford but excluded such testimony as against Hughes on the authority of the so-called "Dead Man's" rule, supra. When Anderson's testimony was offered, defense counsel objected to the use of such testimony as

against Hughes and the objection was sustained; *at that time,* Anderson's counsel did not claim that Hughes had waived any rights under the "Dead Man's" rule, supra. In its instructions, the trial court did exclude from the consideration of the jury Anderson's testimony as against Hughes but not against Ford. It was argued in the court below that the exclusion of such testimony under the "Dead Man's" rule, supra, was erroneous because the immunity under the statute had been waived by (a) the fact that a deposition, covering matters which had occurred prior to the death of James Hughes, Sr. had been taken of Anderson and filed of record prior to Hughes' death and had been used at trial for cross-examination of Anderson and (b) the fact that interrogatories, covering matters which had occurred prior to the death of James Hughes, Sr., has been submitted to Anderson prior to Hughes' death.

In its opinion, the court below noted: "The record fails to show any disclosure to the court of either the deposition or the interrogatories to and Answers of [Anderson] filed of record. It is also interesting to note that no point for charge on the subject was presented by [Anderson's] counsel, although he did except to the content of the instructions given the jury consistent with the above ruling as to [Anderson's] competency as a witness." In passing on the motion for a new trial, the court below noted that, subsequent to the trial of this action, the Superior Court in *Perlis v. Kuhns,* 202 Pa. Superior Ct. 80, 195 A. 2d 156, held that, where a party is required to answer pretrial interrogatories, any objection based upon the "Dead Man's" rule to the competency of such party to testify at the trial is waived even though the answers to the interrogatories were not offered in evidence. In *Rosche v. McCoy,* 397 Pa. 615, 156 A. 2d 307, we held that a surviving party became competent to testify if the op-

posing party offered in evidence a deposition of the decedent. On the authority of *Perlis* and *Rosche,* the ruling of the trial court in excluding the testimony of Anderson as against Hughes was erroneous; in fact, the court below readily concedes that both the exclusion from evidence and the jury instruction on that subject were erroneous. Nevertheless, the court below held that such error did not constitute reversible error upon which the grant of a new trial should be predicated. With the court below we agree.

To constitute reversible error, a ruling on evidence or an instruction to a jury must be shown not only to have been erroneous but harmful to the party complaining. Did the erroneous exclusion of Anderson's testimony as against Hughes by the trial court at the time when such testimony was offered and at the time of the court's instructions to the jury cause harm to the complaining party, Anderson? Ford was the operator of the truck and as to him Anderson was permitted to testify fully and completely and to lay before the jury the factual basis upon which he claimed that Ford was negligent in the operation of the truck. The jury, after hearing such testimony, concluded that Ford was not liable to Anderson. The sole basis upon which Hughes could become liable to Anderson was under the doctrine of respondeat superior, i.e., that negligence on the part of Ford at the time and place of the accident when he was acting as an employee of Hughes and upon the latter's business was attributable to Hughes. Absent liability on the part of Ford, Hughes would not be liable. If Anderson was contributorily negligent neither Ford nor Hughes would be liable. If Ford was not negligent, then Hughes would not be liable. On both issues Anderson was permitted to testify at will. Under such circumstances, the error of which complaint is now made did not and could not harm Anderson in view of the finding of the jury which might have been predicated either on con-

tributory negligence of Anderson or lack of negligence of Ford or negligence on the part of both. The error committed in the court below does not justify the grant of a new trial.

Lastly, Anderson urges that the charge of the court was confusing, incorrect and of such nature as to require the grant of a new trial. We have carefully examined the charge in its entirety with particular reference to those instances wherein Anderson particularly complains on this appeal. Such examination leads us to the conclusion that the charge of the court was proper, that it was fair and it fully and adequately instructed the jury properly on the law applicable to the factual situation presented in the case at bar.[3]

We find no merit in any of Anderson's contentions and are of the opinion the court below acted with propriety in refusing a new trial.

Judgment affirmed.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.

Mr. Justice ROBERTS dissents on the ground that the trial charge was incomplete and inadequate, and may therefore have confused the jury by failing to present to it the total factual and legal situation.

---

[3] With the exception, of course, of that portion of the charge excluding Anderson's testimony from consideration by the jury as against Hughes.