## Brennan v. Bell

James W. Evans, for plaintiff.

David C. Eaton, for defendant.

SHADLE, J., August 13, 1965.—This case involves the question of whether a deceased party to a transaction loses the benefit of the Dead Man's Rule by instituting discovery proceedings as to his opponent prior

to his death. By an opinion and order filed herein on April 30, 1965, we held that the incompetency arising by virtue of such rule was not waived by such discovery proceedings in this case. Plaintiff requested reargument to enable the court to reconsider its opinion and order in the light of Anderson v. Hughes, 417 Pa. 87, which was decided on March 16, 1965, but was not published until April 30, 1965, and, therefore, was not available when the opinion and order were written. Reargument was had before the court en banc, and the matter is now before us for reconsideration.

An automobile accident occurred in which plaintiff was struck and injured by a car driven by Madge E. Shipe and owned jointly by her and Burdwell H. Shipe. Plaintiff and Mrs. Shipe were the only witnesses to the accident. Plaintiff started suit in this court against both parties. Thereafter, he likewise instituted suit on the same cause of action against the same parties in the State of Florida where defendants were then residing. In that Florida action Arthur M. Bell, the fiduciary defendant herein, appearing there as counsel of record for both defendants, filed interrogatories on plaintiff which the latter answered as required.

Thereafter, Mrs. Shipe died, and Arthur M. Bell, as her administrator, was substituted herein for her as a party defendant. He filed a petition herein praying that separate trials be had of plaintiff's claims against the two defendants, or, in the alternative, that the court now rule that plaintiff will be incompetent to testify in either claim if they are tried together. Plaintiff objected to either course of action, claiming that Mrs. Shipe waived his incompetency by requiring him to answer her interrogatories. The crux of the matter is that the death of Mrs. Shipe has rendered plaintiff, the only surviving eyewitness, incompetent to testify concerning the accident under the Dead Man's Rule in section 5(e) of the Act of May 23, 1887, P. L. 158, 28

PS §322, so far as his claim against Mrs. Shipe's estate is concerned, but not as against Mr. Shipe. We pointed out in our prior opinion that if Mrs. Shipe waived the protection of the Dead Man's Rule by her interrogatories to plaintiff, then, obviously, plaintiff is competent to testify on both claims, and a severance is unnecessary.

Rosche v. McCoy, 397 Pa. 615 (1959), held that where a deposition is taken of a decedent in his lifetime at his *own* instance to perpetuate his testimony, and at the subesquent trial the deposition is *offered in evidence* on behalf of decedent's estate, this constitutes a waiver of the Dead Man's Rule and the surviving adverse party becomes competent to testify.

Perlis v. Kuhns, 202 Pa. Superior Ct. 80 (1963), decided that where a defendant dies before trial, and his administrator *thereafter requires plaintiff* to answer interrogatories, the administrator thereby waives the benefit of the Dead Man's Act, even though the interrogatories and answers are *not used at trial.*

Neither case involves facts such as those here presented. The interrogatories and answers have not been offered in evidence at trial, as in Rosche, and they were filed before, not after, the death of decedent, which was the situation in Perlis. Here, all parties were living and fully competent when defendants filed their interrogatories on plaintiff.

Then came Anderson v. Hughes, supra. That case involved a situation in which, before the death of any party, defendants took the deposition of plaintiff for discovery, one of the defendants died, and defendants then used plaintiff's deposition to crossexamine him at trial. The trial court permitted plaintiff to testify as against the surviving defendant but not as against the deceased defendant. On appeal, the Supreme Court *held* that, although so limiting plaintiff's testimony was error, it did not constitute reversible error requiring

a new trial. However, in reaching this conclusion, the Supreme Court used the following language:

". . . the Superior Court in Perlis v. Kuhns, 202 Pa. Superior Ct. 80, 195 A. 2d 156, held that, where a party is required to answer pretrial interrogatories, any objection based upon the 'Dead Man's' rule to the competency of such party to testify at the trial is waived even though the answers to the interrogatories were not offered in evidence. In Rosche v. McCoy, 397 Pa. 615, 156 A. 2d 307, we held that a surviving party became competent to testify if the opposing party offered in evidence a deposition of the decedent. *On the authority of Perlis and Rosche,* the ruling of the trial court in excluding the testimony of . . . (the survivor) as against . . . (the decedent) *was erroneous. . . ."* (Italics supplied.)

This language creates something of a problem. Did the court mean to extend the rule of Perlis, in which discovery was had *after* the death of decedent, to the facts in Anderson in which discovery occurred *before* decedent died? Did the court mean to extend the rule of Rosche in which decedent's own deposition was *offered by his estate* at trial, to the facts in Anderson in which decedent's estate used the *survivor's* deposition at trial? Such extensions are inevitable under the statement of the court that the action of the trial court in not recognizing a waiver of incompetency "was erroneous".

It may be said with justification that the question of whether there was in fact a "waiver" of incompetency in the Anderson case apparently was not argued before, nor discussed by, the Supreme Court. The point of decision there was that if there was error in the trial court in not recognizing any such waiver, such error did not require a new trial. Yet the fact remains that the Supreme Court said in clear and unmistakable terms that the failure to recognize the waiver when

the decedent deposed his opponent *prior* to his death "was erroneous".

It likewise may be true that in every case in which discovery proceedings have been held to constitute a "waiver" of the Dead Man's Rule, some *use* was made of the discovery product *after* decedent's death, which *use* constituted a waiver of the incompetency which existed at that time. Yet the Supreme Court in Anderson repeated the Perlis rule that waiver results from the discovery process *"even though the answers to the interrogatories were not offered in evidence"*.

We believe the solution of the problem depends not on technical terms but on procedural practicalities. It cannot be denied that the Dead Man's Rule is becoming increasingly unpopular in favor of a policy of general competency of witnesses. While courts are not free to repeal this statute by judicial legislation, they are not bound to extend it where the facts create legitimate distinctions.

Whether the proper term be waiver, estoppel, or any similar label, we think the thrust of the Perlis and Anderson decisions was directed at fairness of procedure. It seems fundamentally unfair to permit a decedent's estate, or the decedent before his death, to discover all relevant facts from his adversary, and then at trial to seal his opponent's lips by the Dead Man's Rule. As stated in Perlis, page 84:

"The very use of depositions or interrogatories requires the adverse party to give testimony in a way sanctioned by the Pennsylvania Rules of Civil Procedure. Pa. R.C.P. 4001-4025. These rules include written interrogatories as depositions. Pa. R.C.P. 4004. This is the equivalent of placing him on the witness stand. As stated in Cox v. Gettys, *supra*, and quoted by the court below: 'Any other construction of the statute would enable one party to search the conscience of his adversary, drag to light his private papers and

other evidence, and then repudiate the result, if the experiment proved unsatisfactory.' "

Defendants here contend that the interrogatories were used not in this action but in the Florida suit, and that the mere filing of them does not, under Florida law, constitute a waiver of that State's Dead Man's Rule. However, the Florida action was in all respects identical with this one, the essential facts of both actions were, in fact, obtained by discovery, and it is the law of the Pennsylvania forum which decides such an evidentiary matter as the applicability of the rule: Restatement, Conflict of Laws, §596.

We conclude that the filing by Mrs. Shipe on plaintiff of interrogatories which he fully answered removed from defendant Bell the right to object to the competency of plaintiff under the Dead Man's Rule as a result of Mrs. Shipe's death. Plaintiff's testimony is, therefore, fully competent as against both defendants, and a severance of the trial of his claims against them becomes unnecessary.

Judge Buckingham concurs in the foregoing opinion.

President Judge Atkins filed a dissenting opinion.

## ORDER

And now, to wit, August 13, 1965, at 9 a.m. (EST), the order entered herein on April 30, 1965, is revoked. In lieu thereof, it is ordered that the petition of defendant Arthur M. Bell for a severance of the claims of plaintiff against the two defendants is overruled and refused. An exception is noted on behalf of said defendant.

## DISSENTING OPINION

Here, we previously held that under the facts set forth in the pleadings on a motion for severance, there should be severance for the reason that in the action against Arthur M. Bell, Administrator of the Estate of Madge E. Shipe, deceased, plaintiff would be in-

competent to testify on the basis of the record as it now stands. Plaintiff, of course, could testify in the case against the husband, Burdwell H. Shipe, and it was felt it was not desirable in this case to ask the jury to consider plaintiff's testimony in that case and disregard it in the case against decedent's estate. Since that order, Anderson v. Hughes, 417 Pa. 87, was decided, and we allowed a reargument to consider the effect of that case upon this one.

I agree with my colleagues that if this plaintiff is now a competent witness as against the estate of Mrs. Shipe, there is no need for a severance. Of course, the competence of plaintiff has to be determined on the present record. On this record, the question presented simply is if one party to an action sees fit to use discovery procedures which involve taking a deposition of the adverse party or obtaining the answers of that party to interrogatories, will section 5 (e) of the Act of May 23, 1887, P. L. 158, 28 PS §322, be rendered inoperative. In other words, does this constitute a waiver of the so-called Dead Man's Rule if the party taking the depositions later dies?

Here, plaintiff has not argued that our former order was wrong, but that Anderson v. Hughes, supra, has changed the rule in Pennsylvania.

In that case, the court said:

"It was argued in the court below that the exclusion of such testimony under the Dead Man's rule, supra, was erroneous because the immunity under the statute had been waived by (a), the fact that a deposition covering matters which had occurred prior to the death of James Hughes, Sr., had been taken of Anderson and filed of record prior to Hughes' death, and had been used at trial for cross examination of Anderson, and (b), the fact that interrogatories, covering matters which had occurred prior to the death of James Hughes, Sr., had been submitted to Anderson prior to Hughes'

death." It then says: "On the authority of Perlis and Rosche, the ruling of the trial court in excluding the testimony of Anderson as against Hughes was erroneous. . . ."

Both Perlis and Rosche were cases in which the personal representative of the deceased party waived the rule. In Rosche v. McCoy, 397 Pa. 615, the personal representative waived the rule by introducing the deposition of decedent, thus rendering plaintiff competent. In Perlis v. Kuhns, 202 Pa. Superior Ct. 80, the personal representative of the deceased party filed interrogatories which were answered by the surviving party. This was held to be a waiver of the rule. In Anderson, the court, in basing its holding on Rosche and Perlis, must be said to be holding that there was a waiver of the rule there. That waiver has to be the use of the depositions of Anderson in his crossexamination at trial. It seems illogical to say that the waiver consists of the submission of interrogatories to Anderson prior to Hughes' death. When the interrogatories were submitted, no one could know that the Dead Man's Rule would ever come into the picture. No one could know who, or if anyone, would die before the trial. No one existed at that point who had the right to waive the operation of the rule. "To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it": Brown v. Pittsburgh, 409 Pa. 357; Linda Coal and Supply Company v. Tasa Coal Company, 416 Pa. 97.

The act here relied on by plaintiff to constitute a waiver of the Dead Man's Rule is that of Mrs. Shipe when, through her counsel, she took the deposition of Brennan. The right of her estate acting through her personal representative to waive the rule did not exist until she died. The rule was not created to protect her but was created to protect her estate. In 58

Am. Jur., Witnesses, §360, the editors make this statement: "The general rule is that the taking of a deposition of a witness with respect to transactions or conversations with a deceased party amounts to a waiver of the incompetency of the witness as to such matters. According to . . . many courts the taking of the deposition amounts to a waiver although the deposition is never filed or is not used in evidence by the party taking it." Notes in 64 ALR 1164, 107 ALR 490 and 159 ALR 421 are given as authority for this statement.

An examination of the cases cited in those annotations shows that in every one of those cases one of four conditions was present:

(a) The depositions were taken by a personal representative of the deceased party;

(b) the deposition was offered in evidence by the personal representative of the deceased party;

(c) the surviving party was called to testify by the personal representative of the decedent; or

(d) if the surviving party was called in his own case to testify to things occurring after the death of the other party, the personal representative of the deceased in his cross examination of the witness delved into matters that occurred prior to the death.

I have found no case, nor has counsel referred to any case in any jurisdiction, holding that a waiver occurs by the taking of a deposition of an opposing party while both parties are alive and no use is made of it by the personal representative of the other party after the other party's death.

Since there was no incompetence to be waived when the deposition was taken, I fail to see how that act can be said to be done with an evident purpose to waive that incompetence which did not then exist, and I would affirm our previous order.