## Scott, Admx. v. Swaha

*David G. Welty*, for plaintiff.

*William S. Hudders, Butz, Hudders & Tallman* and *Snider, West, Wilcox, Frederick & Doll*, for defendants.

WIEAND, J., December 20, 1966.—On October 13, 1964, a collision occurred involving a car owned by

Francis Wentz and occupied by Francis Wentz and Pauline R. Cantwell and a truck owned by Long Transportation Co. and operated by John Swaha. Both Wentz and Cantwell were killed in the accident. Swaha, the driver of the truck, survived. This action was instituted by the administratrix of the estate of Pauline R. Cantwell against the estate of Francis Wentz and also against the owner and operator of the truck to recover for the wrongful death of Pauline Cantwell and for damages allowable in an action under the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 603, 20 PS §320.-603.

After the case was at issue, counsel for plaintiff filed interrogatories, pursuant to Pennsylvania Rule of Civil Procedure 4005, and caused them to be served upon defendants. Those interrogatories were two in number and were limited to an inquiry as to the names and addresses of persons known to defendants or anyone acting on their behalf to have seen the accident or to have knowledge concerning the facts thereof. The estate of Francis Wentz filed objections to the interrogatories, and the owner and operator of the truck joined in those objections. The basis for the objections is the "Dead Man's Act", being the Act of May 23, 1887, P. L. 158, 28 PS §322.

Under the Act of 1887, the general rule is that in trespass actions for personal injuries against the administrator of the estate of an alleged wrongdoer, the surviving party is not competent to testify to anything that occurred during the wrongdoer's life: Kuhns v. Brugger, 390 Pa. 331. The purpose of the rule is to prevent the injustice which might flow from permitting the surviving party to an occurrence to testify favorably to himself and adversely to decedent, which testimony decedent's representative would be in no position to refute: Weaver, Exr. v. Welsh, 325 Pa. 571, 576, 577. There is nothing within the letter or spirit of the stat-

ute, however, to prevent discovery from a surviving party of the names' and addresses of persons ascertained to be witnesses to the occurrence giving rise to the litigation.

The same result is dictated by the provisions of rule 4007(a) of the Pennsylvania Rules of Civil Procedure, which is as follows:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case".

Matters other than the identity and whereabouts of witnesses, it will be noted, may not be the subject of discovery unless they are relevant, not privileged, not in violation of rule 4011, and will be of substantial aid in the preparation of pleadings or the preparation for trial. As to the identity and whereabouts of witnesses, however, there are no limitations. Indeed, when read in conjunction with rule 4011(d), it becomes apparent that such information may be obtained not only from a party, but also from his insurer, his attorney or his agent. It is argued, however, that the recent decision of the Superior Court in Perlis v. Kuhns, 202 Pa. Superior Ct. 80, requires that interrogatories to the truck driver, Swaha, be resisted if the provisions of the Act of 1887, supra, are not to be deemed waived by the estate of Francis Wentz. More specifically, it is contended that by interrogatories to the surviving driver of the truck, plaintiff may make him competent not only as against plaintiff, but also against defendant's decedent. In the Perlis case, the interrogatories were

filed against a plaintiff on behalf of defendant's decedent and sought to elicit information as to the manner in which the accident occurred. By requiring plaintiff to give evidence in the form of answers to interrogatories, defendant was held to have waived the provisions of the "Dead Man's Act", and plaintiff was thereby made competent to testify at the time of trial. That case is not apposite to the one presently before us. Defendant's decedent in this case has not filed interrogatories, and the record thus far reveals nothing that would evidence an intent to waive the statutory provisions. If plaintiff's decedent has waived the rule by serving interrogatories on the surviving truck driver, it does not follow that the truck driver's testimony thereby becomes competent against defendant's decedent. A full determination of the applicability of the "Dead Man's Act", however, must await the trial.

There is another reason why the Act of 1887, supra, cannot be used to defeat this discovery. By its terms, the statute prevents only testimony of things occurring during the lifetime of a decedent. The identity and present whereabouts of witnesses to an occurrence, however, are presently existing facts, and not facts occurring during the lifetime of decedent. As such, they are not within the purport of the statute. It follows that if the information sought by interrogatories is not within the protection of the statute, the furnishing of such information cannot effect a waiver of such protective provisions.

For these reasons, we are of the opinion that the objections to the interrogatories must be dismissed.

### ORDER

And now, December 20, 1966, defendants' objections to plaintiff's interrogatories are dismissed, and defendants are directed to file answers to such interrogatories within 20 days after service of a copy of this order upon their respective attorneys.