## Beckley v. Pierce

*Rodger L. Mutzel*, for plaintiff.

*William D. March*, for defendant.

REED, J., April 23, 1969.—Plaintiffs were driving eastwardly on Concord Road, Concord Township, Delaware County, Pa., and defendants, William Pierce, Pauline Burns, and decedent, James Burns, were in another car driving westwardly on the same road on February 19, 1967, when their cars collided. Burns was killed.

On July 31, 1967, plaintiffs filed a complaint against defendant Pierce, and on August 17, 1967, an amended complaint adding as a codefendant, Pauline Burns, executrix of the Estate of James Burns, deceased, (herein Burns' Estate). On October 2, 1967, the same

attorney filed one praecipe appearing for both defendants.

On December 18, 1967, at plaintiffs' request, defendant Pierce was deposed. Defendant's attorney appeared with him. Thereafter, at defendant's request, on April 11, 1968, and on September 17, 1968, depositions were respectively taken of a passenger in plaintiffs' car, and of plaintiffs themselves.

Subsequent to the depositions, defendant Pierce settled with plaintiffs, leaving Burns' Estate as sole defendant. Still later Pierce died. Thereafter, the case between plaintiffs and Burns' Estate came to trial.

At commencement of trial, defendant Burns' Estate by way of a request for offer of proof from plaintiffs, raised the Dead Man's Act against plaintiffs' use of Pierce's deposition, contending the deceased Pierce could not be allowed to speak through his deposition taken at a time when he had an adverse interest to his companion defendant, Burns' Estate. The trial was continued and the matter argued before us en banc.

The so called "Dead Man's Act" in pertinent part provides:

"Nor where any party to a thing . . . is dead . . . and his right thereto or therein has passed . . . to a party on the record who represents his interest in the subject in controversy, shall any *surviving or remaining party* to such thing . . . *or any other person whose interest shall be adverse* to the said right of such deceased . . . party, *be a competent witness* to any matter occurring before the death of said party . . ." (Italics supplied.) Act of May 23, 1887, P.L. 158, section 5, cl. (e), 28 PS §322.

This much the statute determines: defendant Pierce and defendant Burns' Estate held an adversity of interest between them; and defendant Pierce was therefore initially an incompetent witness as to defendant Burns' Estate.

However, plaintiffs deposed defendant Pierce, and his attorney, (also attorney for Burns' Estate) appeared at this deposing. He did not object to the interrogation of Pierce; and Pierce thereafter settled his case. Burns' Estate now, although by other counsel, interposes the Dead Man's Act against use of Pierce's deposition by plaintiffs in their case against Burns. The question before us is whether by not objecting to Pierce's being deposed, Burns' Estate waived the application of the statute and made Pierce a competent witness, and so, too, his deposition.

Where the representative of a *deceased party* deposes or interrogates another party or witness the prohibition of the statute is waived, and that other party or witness made completely competent: Perlis v. Kuhns, 202 Pa. Superior Ct. 80 (1963); Anderson v. Hughes, 417 Pa. 87 (1965).

But here we have this variation, an estate defendant watches and listens without objection while an adverse witness, who is also a party defendant, answers deposition-questions of plaintiff, who is, of course, adverse to both defendants.

The rule of Perlis v. Kuhns, supra, and Anderson v. Hughes, supra, is grounded upon these reasons:

"Any other construction of the statute would enable one party to search the conscience of his adversary, drag to light his private papers, and other evidence, and then repudiate the result, if the experiment proved unsatisfactory". Perlis v. Kuhns, supra.

". . . where a *party is required to answer* pretrial interrogatories, *any* objection based upon the 'Dead Man's' rule to the competency of such party to testify at the trial is waived . . .": Anderson v. Hughes, supra. (Italics supplied.)

Defendant Burns' Estate sat by and let the prohibited experiment be conducted, though by someone else, and now that it proves unsatisfactory would repudiate

it. To allow this would subvert the reason for the rule, and render the rule ineffective.

Perlis v. Kuhns, supra, and Anderson v. Hughes, supra, have also set at rest any hitherto existing notions of a distinction between the taking of testimony at trial, and by deposition or interrogatory *as respects the Dead Man's Act.* If the taking of Pierce's deposition had been instead the trial of the case, and the defendant Burns' Estate did not object when Pierce took the stand, such failure would have made Pierce completely competent. Hence, competency resulted when Pierce was deposed.

On another issue, Pennsylvania Rule of Civil Procedure 4016 (b) provides:

"Objections to the competency of a witness . . . are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made at that time."

And the standard pro-forma stipulation inserted almost perfunctorily at the start of all depositions provides that *all objections* except as to form of question are reserved until trial.

These two: one a rule, the other a stipulation to almost the same effect, upon superficial reading, might appear to preserve defendant Burns Estate's objection to time of trial.

However, rule 4016 (b) does not include within its purview objections to competency under the Dead Man's Act. It only includes those objections to competency of witnesses which the proponent of the deposition could himself remove: Goodrich-Amram 4016 (b) commentary.

Furthermore, to allow this objection to be withheld until trial, after the deposition of the adverse interest is taken, would be destructive of the rule by permitting

the very thing the rule declares against. The beneficiary has one option to prohibit testimony or to hear it; and having heard it once, the power to invoke the rule is dead: Perlis v. Kuhns, supra; Bell v. Dornan, 203 Pa. Superior Ct. 562 (1964); Brown v. Saladoff, 209 Pa. Superior Ct. 263 (1967); and Anderson v. Hughes (supra).

Finally any other interpretation would result in a misreading of the statute; for it is *adversity of interest* that the deceased's representative must determine, and not the favorability or adversity of the testimony. The rule is one of competence to testify at all, not competence of testimony.

Accordingly we hold: Where the Dead Man's Act applies, it is the duty of the party beneficiary of the rule to raise it against the competence of any witness called by any other party to testify at depositions or interrogatories, as well as at trial, otherwise the application of the rule to that witness is pro tanto waived, and that witness made thenceforth competent, unless the proponent of the rule receives no legal notice of the deposition and is not present at the deposing.

Any contention that a distinction exists because the attorney for both defendants said he only represented Pierce at the depositions is completely without merit.

Also, for the reasons set forth herein, the depositions of plaintiffs taken by defendant are allowed to be used at trial, and plaintiffs made competent witnesses in their trial against defendant Burns' Estate.

## ORDER

And now, April 23, 1969, the objections by defendant Burns' Estate to the use of the deposition taken herein are dismissed; and the depositions taken herein on April 11, 1968, September 17, 1968, and December 18, 1967, may be used at the trial of this case according to Pa. R. C. P. 4020; plaintiffs are completely competent witnesses, and the deposition of William Pierce

may be used at the trial of this case according to Pa. R. C. P. 4020 (3).