348 A.2d 134

**In re ESTATE of Edith DAVIS, Deceased.
Appeal of Hortense HIRSCH.**

Supreme Court of Pennsylvania.

Argued April 7, 1975.

Decided Nov. 26, 1975.

John A. Metz, Jr., Metz, Cook, Hanna & Kelly, Pittsburgh, for appellant.

G. Donald Gerlach, Robert W. Watson, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Hortense Hirsch filed a claim against the estate of decedent Edith Davis based upon an alleged oral contract between herself and decedent. When appellant sought to testify on her own behalf at trial, the executors relying on the Dead Man's Act,[1] challenged her compe-

1. Act of May 23, 1887, P.L. 158, § 5(e), 28 P.S. § 322 (1958).

tency to testify. The Court of Common Pleas of Allegheny County, Orphans' Court Division, rejected appellant's contention that the Act had been waived. The court, ruling on the merits of the case, held that appellant failed to present clear and convincing evidence of the asserted contract and dismissed the claim. Exceptions were dismissed, and this appeal followed.[2] We affirm.

Appellant's written notice of claim and pretrial statement alleged that decedent orally contracted to bequeath to her for life the income from $1,000,000 if she acted as companion for decedent until decedent's death. Appellant's pretrial statement asserted that the contract would be established by witnesses other than herself. Appellant did not state when or where the asserted contract had been made.

In a section of their pretrial statement entitled "Request For A More Specific Pleading," the executors complained that appellant had not stated the year in which the alleged contract was made. Relying on Rule 1019(f) of the Pennsylvania Rules of Civil Procedure, which requires that averments of time and place be specifically pleaded, the executors requested that appellant provide them with a sworn specific statement of the claim. Appellant responded by submitting a verified document captioned "Claimant's Statement." We hold that the executors' request for a more specific pleading does not constitute a waiver of the Dead Man's Act.

The Act provides that one whose interest is adverse to the interest of a decedent is not a competent witness to any matter which occurred before decedent's death.[3] A

2. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1975)

3. Act of May 23, 1887, P.L. 158, § 5(e), 28 P.S. § 322 (1958), which provides in pertinent part:
"Nor, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed . . . to a party on the record who represents his interest in the subject in controversy, shall any surviving or remain-

statutory exception allows a person whose testimony would be excluded to testify on his own behalf if called to testify against his interest by a person protected by the Act.[4]

The actions of the executors here did not trigger the exception. Appellant, in her pleadings, failed to specify when and where the alleged contract was formed. Appellees have a right to a specific statement of the claim. By simply requesting a more specific pleading, the executors did not request the equivalent of appellant's own testimony.[5] Were we to hold otherwise, we would not only construe the Act out of existence, we would also reward the inadequate pleadings of claimants with the im-

ing party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . ., be a competent witness to any matter occurring before the death of said party . . . ."

4. This exception to the general rule of incompetency is contained in two separate sections of the Act. First, § 6 provides in pertinent part:
"Any person, who is incompetent under clause (e) of section five [28 P.S. § 322] by reason of interest, may nevertheless be called to testify against his interest, and in that event he shall become a fully competent witness for either party . . . ."
Act of May 23, 1887, P.L. 158, § 6, 28 P.S. § 324 (1958). Second, § 7 provides in pertinent part:
"In any civil proceeding, whether or not it be brought or defended by a person representing the interests of a deceased . . . assignor of any thing or contract in action, a party to the record, . . . or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examination . . ., but such person so cross-examined shall become thereby a fully competent witness for the other party as to all relevant matters whether or not those matters were touched upon in his cross-examination . . . ."
Act of May 23, 1887, P.L. 158, § 7; Act of March 30, 1911, P.L. 35, § 1, 28 P.S. § 381 (1958).

5. In *Anderson v. Hughes,* 417 Pa. 87, 208 A.2d 789 (1965), we approved *Perlis v. Kuhns.* 202 Pa.Super. 80, 195 A.2d 156 (1963), which held that depositions by oral examination or upon written interrogatories may be functionally equivalent to placing the adverse party on the witness stand at trial and thereby cause the adverse party to become a fully competent witness.

position of a waiver on fiduciaries who seek that to which they are entitled—a clear statement of the claim against the estate. The Legislature could not have intended such a result.

Decree affirmed. Each party pay own costs.

O'BRIEN, J., took no part in the consideration or decision of this case.