## Bennett v. Grove

*Newton C. Taylor*, for plaintiffs.
*Merle K. Evey*, for defendants.

TERRIZZI, *P.J.*, November 4, 1976 — The facts involved in this case can be summarized briefly. On October 12, 1972, Nancy B. Bennett, Robert B. Grove and Isabelle Herbster were involved in an

automobile accident in Huntingdon County. Suit in this case was instituted October 7, 1974. On October 28, 1973, Robert B. Grove died. The personal representative of his estate is one of defendants in this proceeding. On June 18, 1974, at the request of the insurance carrier for Robert B. Grove, plaintiff, Nancy B. Bennett, was examined by a doctor. This was the only examination of plaintiff made at the request of any of defendants. At no time have defendants taken plaintiff's deposition, and at no time have interrogatories been propounded to plaintiff. Finally, at the request of Robert B. Grove's insurance carrier, medical reports were received, both before and after institution of suit by defendants, from Nancy Bennett's treating physicians and hospitals to which she had been admitted.

On April 19, 1976, after sustaining defendant's objection to Nancy Bennett's testifying on the grounds of the Dead Man's Rule (Act of May 23, 1887, P.L. 158) and plaintiff's offering no other evidence, this court granted defendants a compulsory nonsuit. Counsel for plaintiffs argued that the benefit of the Dead Man's Rule was waived by defendants, either by the pre-suit request for Nancy Bennett's examination, or by the requests for medical reports, which occurred both before and after suit was instituted. The court, in making its ruling, disagreed with this position.

This court has not found, nor has any of counsel involved cited, any Pennsylvania appellate court decision which has ruled that a waiver of the Dead Man's Rule exists in a situation where the "incompetent" party was examined at the request of the other party before suit was instituted, or which found a waiver of the rule where medical reports of the "incompetent" party were furnished to the

other party before and/or after institution of suit.

Counsel for plaintiffs cites two Pennsylvania appellate court decisions, and one Pennsylvania common pleas court decision, to support his argument for waiver: Anderson v. Hughes, 417 Pa. 87, 208 A. 2d 789 (1965); Perlis v. Kuhns, 202 Pa. Superior Ct. 80, 195 A. 2d 156 (1963); and Vinski et al. v. Holfelder et al., 118 Pitts. L.J. 375. After reading these cases, and considering the language of the "Dead Man's Act," this court is not persuaded that there was any waiver in this case.

Neither the request for a physical examination nor the request for medical records involve the problem to which the courts in Anderson and Perlis addressed themselves in finding a waiver of the Dead Man's Act. Anderson involved pre-trial depositions and interrogatories, and Perlis involved pre-trial interrogatories, and these decisions stand for the rule that the taking of a deposition or the propounding of interrogatories to a party concerning occurrences involving a deceased party constitute a waiver of the incompetency of the witness, even though the deposition or answers to the interrogatories are not used at trial.

The court in Perlis stated, quoting the court below, that "[a]ny other construction of the statute would enable one party to search the conscience of his adversary, drag to light his private papers and other evidence, and then repudiate the result if the experience proved unsatisfactory." In other words, the "waiver by discovery" principle prevents the party enjoying the benefit of the Dead Man's Act from obtaining information from the "incompetent" party about the latter's case and then repudiating this information, if it is found to be unsatisfactory, by not using it at the trial and by then

preventing the "incompetent" party from testifying. To have afforded the benefits of the Dead Man's Act in the Anderson and Perlis cases would be fundamentally unfair because this would have prevented the "incompetent" party from testifying about information to which the other party has had access by pre-trial discovery. The result reached in the Vinski case is, in the opinion of this court, unwarranted and if followed would result in a further emasculation of the Dead Man's Act. This act has already been eroded by judicial decision in a number of instances in which it is probably justified by reason of the peculiar factual situation involved, and because to have arrived at a contrary decision might have been unfair to one of the parties. The unfairness which, in the opinion of this court, forms the basis for the Anderson and Perlis decisions, is lacking in this case as it was lacking in the Vinski case. By requesting that plaintiff undergo an examination and by receiving hospital records and doctor reports, defendants have received only information concerning plaintiff's physical condition. Regardless of what use is made of this information by defendants, plaintiff is not precluded by the Dead Man's Act from calling to the stand at trial any of her treating physicians nor is she precluded from introducing her medical records at trial. This situation is not one in which defendants can repudiate the medical records if they are found unsatisfactory.

The issue for determination in this case is whether defendant's pre-suit request for a medical examination of plaintiff and the receipt by defendant of medical reports with respect to plaintiff, both before and after suit was instituted, which requests

were honored by plaintiff, constitute a waiver of the Dead Man's Act by defendant so as to render plaintiff, Nancy Bennett, competent to testify as to matters ocurring prior to the death of Robert B. Grove.

Section 5, clause E, of the Act of May 23, 1887, P.L. 158, 28 P.S. §322, provides as follows: "Nor, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . party, be a competent witness to any matter occurring before the death of said party . . ."

The court is satisfied that plaintiff has not brought herself within the purview of the waiver conditions as existed in either Anderson or Perlis.

For reasons stated above, plaintiffs' motion to remove the judgment of compulsory nonsuit should be denied, and the court makes the following

## ORDER

Now, November 4, 1976, upon consideration of the briefs and arguments of counsel, it is ordered and directed that the motion to remove the judgment of compulsory nonsuit heretofore entered be, and the same is, hereby denied.