## Rosenthal v. Kamer

*Fredric D. Rubin,* for plaintiff.
*Francis J. Sullivan,* for defendant.

RUFE, *J.,* August 12, 1985—This matter was scheduled for trial before the undersigned on January 22, 1985. The case concerns monies allegedly owed to plaintiff by defendant's decedent. At the outset, defendant sought to preclude, testimony by plaintiff, or defendant, concerning the deceased's actions on the alleged notes by invoking the Dead Man's Act, 42, Pa.C.S. §5930. We reserved ruling on the objection pending the submission of briefs by counsel, and now enter our ruling thereon.

The Dead Man's Act, 42 Pa.C.S. §5930, provides in pertinent part that:

"[I]n any civil action or proceeding, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, neither any surviving or remaining party to such a thing or contract, nor any other person whose interest shall be adverse to the said right

of such deceased or lunatic party, shall be a competent witness to any matter occurring before the death of said party. . . ." July 9, 1976, P.L. 586, §2, effective June 27, 1978. As amended April 28, 1978, P.L. 202, §10(75), effective June 27, 1978.

The statute itself, however, is not an absolute bar to the testimony of the surviving party. The legislative intent in enacting §5930 was "to protect the estate of a decedent against a claim based on the testimony of a surviving party to a transaction with a decedent." Flagship First National Bank v. Bloom, 288 Pa. Super. 347, 353, 431 A.2d 1082, 1085 (1981). Such protection, however, could be waived by the deceased's personal representative by cross-examining the adverse party, seeking his deposition, or submitting interrogatories to him. In so doing, the personal representative waives the Dead Man's Rule, and the surviving party is then competent to testify fully to the circumstances of the case. Estate of Kofsky, 487 Pa. 473, 409 A.2d 1358 (1979); Perlis v. Kuhn, 202 Pa. Super. 80, 195 A.2d 156 (1963). In agreeing that such waiver is the only permissible construction of the statute, the court in Bennett v. Grove, 6 D.&C.3d 359 (1976), reasoned that:

"[T]he 'waiver of discovery' principle prevents the party enjoying the benefit of the Dead Man's Act from obtaining information from the 'incompetent' party about the latter's case and then repudiating this information, if it is found to be unsatisfactory, by not using it at trial and by then preventing the 'incompetent' party from testifying." Bennett, supra, at 359.

In this instance, defendant did in fact depose plaintiff on May 9, 1984, and proceeded to ask plaintiff questions concerning his knowledge of the decedent's purpose in obtaining loans. Defendant al-

leges that the depositions taken did not serve as a waiver of the Dead Man's Act and further alleges that the depositions were taken to permit defendant to be able to state a meritorious defense to have a default judgment opened. From our review of the record, it appears that default judgment was entered June 28, 1983, the petition and rule to show cause why judgment should not be opened was filed July 18, 1983, and the petition to open judgment was granted November 19, 1984. We do not conclude, however, that the need for stating a meritorious defense on a petition to open judgment invalidates the waiver of discovery principle. At the outset of the deposition, defendant's counsel stated that the deposition was relevant to both of plaintiff's lawsuits. It would seem quite unfair to permit a deposition of an adverse party to determine the merits of a controversy and then prevent that same party from presenting similar testimony at trial. The cases discussing the waiver principle concluded that it is the act of instituting discovery by the person seeking to plead the adverse party's incompetence that is important, not whether those depositions or interrogatories are eventually used at trial. Perlis, supra.

We conclude that the objections to plaintiff's testimony under the application of the Dead Man's Act are overruled and dismissed.

Further, we note that the Dead Man's Act is not applicable to preclude the testimony of Mrs. Kamer. Mrs. Kamer, as personal representative of the estate, is a successor in interest of the decedent, not an adverse party. The question for invocation of the Dead Man's Act is not whether the testimony is adverse to the deceased, but whether the interest of the party is adverse. Perlis, supra, 83, 158.

Accordingly, we enter the following

## ORDER

And now, this August 12, 1985, defendant's objections to testimony, based on application of the Dead Man's Act, 42 Pa.C.S. §5930, are overruled and dismissed.