MESSIMER, *Appellant, v.* McCRAY *et al.*

### Division One, January 23, 1893.

1. **Witness, Competency of**: DEATH OF PARTY TO CONTRACT. Where the grantor in a conveyance is dead, neither the grantee nor his heirs who derive title from him can testify as to the loss or contents of the deed in an action brought by the alleged grantor's heir for the premises.

2. ———: ———: ———. Nor is the rule changed by the fact, if true, that the plaintiff had joined her husband in making the conveyance.

3. ———: ———: ———. The fact that the heirs of the alleged grantee withdrew from the suit did not render them competent witnesses, where they were the real parties in interest and the remaining defendants were their tenants.

4. ———: ———: DEPOSITION. The competency of a witness testifying by deposition is to be determined by the law as it exists when the deposition is offered in evidence.

5. ———: ———: VESTED RIGHT. One can have no vested right in the evidence of a witness.

*Appeal from Caldwell Circuit Court*—HON. J. M. DAVIS, Judge.

REVERSED AND REMANDED.

> *William A. Wood, Thomas J. Porter* and *Upton M. Young* for appellant.

(1) Plaintiff's objection to the deposition of James L. Orr, Jr., should have been sustained, for the reason that he was interested in the result of the suit, claiming under James L. Orr, Sr., deceased, who, if living, would have been incompetent as a witness on the ground that Charles C. Birch, the other party to the alleged conveyance, and common source of title, was dead before the commencement of this action. Revised Statutes, 1879, sec. 4010, ch. 72; Laws of Missouri, 1887,

"Witnesses," sec. 1, p. 287; Revised Statutes, 1889, ch. 173, sec. 8918; *Meier v. Thieman*, 90 Mo. 433, *et seq.*; *McCormic v. Hickey*, 24 Mo. App. 365; *Bank v. Hunt*, 25 Mo. App. 173; *Thieman v. Meier*, 25 Mo. App. 306; *Berry v. Hartzell*, 91 Mo. 136. (2) James L. Orr, Jr., could not be made a competent witness by withdrawing him as a party to the record; he was still "directly interested in the result of the suit," though not a party to the record, and his right of action or defense is derived to him from one, who, if living, would be disqualified as a witness in this cause. Laws of Missouri, 1887, "Witness," sec. 1, p. 287; *Thieman v. Meier*, 25 Mo. App. 306; *Bank v. Hunt*, 25 Mo. App. 173; *Meier v. Thieman*, 90 Mo. 133. (3) Before the court is authorized to find for the defendants on the ground of a conveyance by plaintiff and her husband in the absence of the deed, the proof should be so clear and convincing as to leave no reasonable doubt concerning its execution and delivery. *Gillis v. Wilmington*, 13 S. E. Rep. (N. C.) 2; *Burdett v. May*, 100 Mo. 16; *Philpot v. Penn*, 91 Mo. 38; *Berry v. Hartzell*, 91 Mo. 136. By analogy the doctrine of these cases applies to a lost deed. *Loftin v. Loftin*, 1 S. E. Rep. 837. (4) The heirs of James L. Orr, Sr., having been made parties defendant on their own motion, had no right, and the court could not permit them, against the objection of plaintiff, after the evidence was closed, to withdraw from the case as parties to the record, and the action of the court in so doing was reversible error. (5) The withdrawal of the witness, James L. Orr, Jr., from the case as a party defendant did not qualify him to testify in the case, since the answer of defendants discloses a claim of title resting solely on an alleged conveyance from Birch, deceased, to the deceased ancestor of the witness. Laws of Missouri, 1887, p. 287. (6) The affirmative equitable relief granted was

not authorized in favor of the defendants McCray as there was no evidence that they had paid anything on their contract or that they had a contract which could be enforced. (7) James L. Orr, Jr., being incompetent for himself, whether a party to the suit or not, was not competent for the defendants McCray, who held a contract for purchase from him and his co-heirs. *Alexander's Ex'rs v. Alford,* 20 S. W. Rep. 164. (8) *Martin v. Jones,* relied on by respondents, does not apply to the issue in this case. (9) There is no force in respondents' contention that they have a vested right to read the deposition of James L. Orr, Jr., as the law in force at the time of the offering of the deposition in evidence and not that of the date of its taking would govern its competency. Objection to its competency could only be made at the trial and not at its taking.

*Silver & Brown* also for appellant.

(1) The fact that Mrs. Birch may have joined in the alleged conveyance to her husband does not bring this case within the operation of *Fulkerson v. Thornton,* 68 Mo. 468, and like cases. She was a married woman, incompetent to contract, and not a party to the contract in a legal sense. (2) Even in a controversy between her husband in his lifetime and James L. Orr, Sr., Mrs. Birch, not being the real party in interest, would not have been a competent witness. *Evers v. Life Ass'n.* 59 Mo. 429; *O'Bryan v. Allen,* 95 Mo. 58. It is therefore illogical to say that her survivorship of her husband would render his grantee or those deriving title from the latter competent witnesses, after the husband's death, as to a contract made or cause of action originating between the husband and Mr. Orr, Sr. (3) The fact that the Orr heirs withdrew from

the cause did not render the deposition admissible in evidence. The disqualification imposed by the statute extends not only to parties to the record, but to parties in interest, the purpose of the statute (Revised Statutes 1889, sec. 8918) being to "provide that when one of the parties to a litigated obligation is silenced by death the others shall be silenced by law, and this whether his disqualification at common law arises from his being· a party to the record, or from his interest in the result of the litigation." *Leach v. McFadden*, 19 S. W. Rep. 947. (4) The term "parties" in the statute is not restricted merely to those upon the record, but includes all who have a direct interest in the subject-matter of the suit and have the right to make a defense. *Strong v. Ins. Co.*, 62 Mo. 295; *State v. Coste*, 36 Mo. 438. (5) The fact that the deposition was taken before the amendment of 1887 is immaterial. One has no vested right to the testimony of a witness. *O'Bryan v. Allen*, 95 Mo. 58.

*Crosby Johnson* and *Huston & Parrish* for respondents.

(1) James L. Orr, Jr., was a competent witness, even before dismissal from the record as a party defendant. The original contract, the deed or conveyance in dispute, was proven to have been executed by two parties or makers, Charles C. Birch and the plaintiff. The plaintiff still living, James L. Orr, Sr., himself, if living, would have been a competent witness. "Where a contract sued on was made on one side by two persons, one of whom has since died, that fact does not disqualify the adverse party from testifying." *Fulkerson v. Thornton*, 68 Mo. 468; *Nugent v. Curran*, 77 Mo. 323; *Amonett v. Montague*, 75 Mo. 43; 2 Revised Statutes, 1889, sec. 8918, p. 2057. Previous

to the amendment of the statute in 1887 this court had held that derivative parties, even when parties to the suit, were not disqualified as witnesses. *Martin v. Jones*, 72 Mo. 23. The only change made by this amendment of 1887 is in declaring that parties to the suit or proceeding, holding under a party disqualified, shall be disqualified, that is, they are disqualified by virtue of being parties to the suit, and not otherwise. (2) The only necessary parties defendant in an action of ejectment are the persons in possession of the land. Revised Statutes, 1889, sec. 46, p. 1509. The statute permits the person from or through whom the defendant claims title on their motion to be made a party defendant. This is for their own protection. *Hill v. Atterberry*, 88 Mo. 114; *Hayden v. Stewart*, 27 Mo. 286; *Sutton v. Casseleggi*, 77 Mo. 397. (3) At the time these heirs were made parties they were even as parties competent witnesses. *Martin v. Jones*, 72 Mo. 23. (4) There was no sufficient objection to the reading of the first deposition and none at all as to the second.

BRACE, J.—This is an action in ejectment for two hundred and forty acres of land in Caldwell county, instituted against Warren and Millard F. McCray to which the other defendants under whom the McCrays were holding and who are the heirs at law of James L. Orr, Sr., deceased, were, on their own motion made parties defendants. The case was tried by the court without a jury on the petition, the amended answer in which all the defendants joined, and the reply thereto, and a judgment rendered for the defendants, from which the plaintiff appeals.

Both parties claim under Charles C. Birch, deceased, who was seized in fee simple of the land; the plaintiff who was his wife, as his heir at law, through a deceased son of the marriage; and the

defendants under a lost deed alleged to have been executed and delivered by the said Birch in his lifetime to the said James L. Orr, Sr., deceased, conveying said land to said Orr, Sr., in which deed the plaintiff, his then wife, joined relinquishing her dower.

The only evidence introduced to prove the loss, execution and delivery of said deed was the deposition of James L. Orr, Jr., a son, and one of the heirs at law of the said James L. Orr, Sr., who had on his own motion become a party defendant to the action.    The question on the record to be decided in the case is, whether under the statute the said Orr, Jr., was a competent witness to make such proof?

I. The statute governing the question, as amended in 1887, reads as follows:    "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise,  *  *  *  *  *  *  *  *  *  *  *  *  *  provided, that, in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, and no party to such suit or proceeding whose right of action or defense is derived to him from one who is, or if living would be, subject to the foregoing disqualification, shall be admitted to testify in his own favor."  *  *  *  Revised Statutes, 1889, sec. 8918.

The contract in issue and on trial in this case was the execution and delivery of the alleged lost deed from Birch to Orr, Sr.    They were both dead.    Birch being dead, Orr, Sr., if living, would not have been a competent witness on the trial of this issue, and the defense of Orr, Jr., being derived to him from one who would be thus incompetent under the statute, he

was also incompetent. But it is contended he is not disqualified under our rulings; that where a contract is entered into by a party with two persons, and only one of the persons is dead, the other party is not disqualified. *Fulkerson v. Thornton*, 68 Mo. 468; *Nugent v. Curran*, 77 Mo. 323. A sufficient answer to this contention is that the contract sought to be set up as a defense in this action was not between James L. Orr, Sr., and two persons, but between him and one person, Charles C. Birch, the only person who could enter into contract with Orr, Sr., by deed, the execution and delivery of which would convey the title to the premises claimed. Husband and wife ordinarily are not two persons in contemplation of law, but one person, and the husband, notwithstanding modern innovations, still remains the one person, at least, so far as his own property is concerned. It does not follow because a woman relinquishes her inchoate right of dower in the land of her husband in a deed by which he purports to have sold and conveyed his land to another, that she is a party to the contract between the vendor and vendee, grantor and grantee; or competent to testify on the subject of such contract, which is only consummated when the deed is delivered by the husband. The ruling in the cases cited is obviously limited not only to cases where there are really two parties to the contract, but where the surviving party to the contract is competent to speak on the subject as a witness, which, Orr, Sr., being dead, the plaintiff in this case would not be competent to do for the same reason (Birch being dead) that Orr, Jr., is incompetent.

II. When the deposition of Orr, Jr., was first offered in evidence upon objection being made to his competency, the objection was overruled and the deposition was admitted subject to the subsequent action of the court. After the evidence was all in and both plaintiff

and defendants had rested their case against the objection of the plaintiff, the Orr defendants were permitted to withdraw from the case, and the case ordered to proceed on the joint answer of all the defendants against the McCrays alone. Thereupon the defendants again offered the deposition of Orr in evidence, and, over the objection of the plaintiff, the same was admitted, and a declaration asked by the plaintiff, that the deposition should be excluded from the consideration of the court, was refused. The counsel now here contend that although Orr was an incompetent witness as long as he was a party on the record, yet his withdrawal removed his disqualification to testify on the issue tendered in his answer, and on which the case was tried and determined for the McCray defendants on his evidence, for the reason that he was then no longer "a party to the suit" testifying "in his own favor."

Verily, this is sticking in the letter of the law. The McCrays were the mere tenants of the Orrs, under some sort of contract, the terms of which do not appear, and only as such did they have or undertake to make any standing in court. The only defense they had against plaintiff's title, was the title of their landlords, the Orrs, and which they joined with the Orrs in setting up in the answer. The Orrs were the real parties for whose benefit the suit was being defended, and they were in truth and in fact just as much parties to the proceeding after they went through the form of withdrawing, as they were before. The true object of and spirit of the statute (*Leach v. McFadden*, 110 Mo. 584) cannot be defeated by such means.

III. It is suggested that there were two depositions of James L. Orr, Jr.; one taken in 1885, and one in 1888; and that the one the court admitted in evidence was the one taken in 1885 before the statute in question

The Chicago, S. F. & C. Ry. Co. v. McGrew.

was amended. But one deposition appears in the abstract and it does not appear when it was taken. This is not material however. The competency of a witness to testify can only be determined when his deposition is offered upon the trial, at which the deposition stands for the witness. If he is not competent under the law as it then exists his deposition cannot be read, although he may have been competent under the law as it existed when it was taken. The parties have no vested right in the evidence of a witness. *O'Bryan v. Allen* 108 Mo. 227.

As under the law James L. Orr was not a competent witness, and as without his evidence there is no evidence in the case to support the judgment, the same will be reversed and the cause remanded for new trial with the concurrence of all the judges. BLACK, C. J. and MACFARLANE, J., concurring in the opinion *in toto*. BARCLAY, J. in paragraphs one and two.