## Brown *v.* Saladoff (et al., Appellant).

Argued December 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Arthur Packel*, with him *Nochem S. Winnet*, and *Fox, Rothschild, O'Brien & Frankel*, for appellant.

*Albert Ring,* with him *D'Agui & Del Collo,* for appellee.

OPINION BY MONTGOMERY, J., March 23, 1967:

Appellee-plaintiff recovered a jury verdict for damages resulting from personal injuries which she sustained when, as a pedestrian, she was struck by an automobile owned by defendant Louis Saladoff, being operated at the time by Joseph Saladoff, his alleged agent. Following the entry of the lawsuit but before the trial of same Joseph Saladoff died. Prior to the death of Joseph, his counsel exercised the right given by Pa. R.C.P. 4001-4025 to discover the evidence which plaintiff would give in support of her claim, by submitting interrogatories to her. These questions with plaintiff's answers thereto were filed of record before trial but were not used as evidence at the trial. However, at the trial counsel for the administrator of Joseph Saladoff's estate unsuccessfully objected to any testimony being given by plaintiff on the ground that she was incompetent to testify by operation of the "Dead Man's" rule as set forth in the Act of May 23, 1887, P. L. 158, §5(e), 28 P.S. §322, and her testimony was admitted.

Post-trial motions for a new trial and for judgment n.o.v., filed only by the Estate of Joseph Saladoff, having been overruled, and judgment having been entered against both Louis Saladoff and the Estate of Joseph Saladoff, this appeal by the Estate followed.

The only issue before us at this time is stated in appellant's brief as follows: "Does a decedent's estate lose the benefit of the Dead Man's rule by the fact that discovery proceedings were instituted prior to the decedent's death?" We agree with the lower court that the answer to the question is in the affirmative and that the present case is controlled by *Perlis v. Kuhns,* 202 Pa. Superior Ct. 80, 195 A. 2d 156 (1963), cited

with approval in *Anderson v. Hughes,* 417 Pa. 87, 208 A. 2d 789 (1965). Appellant seeks to distinguish the present case because the discovery interrogatories and answers were not used at trial. We cannot recognize this distinction since it would be contrary to the reasoning assigned in the two cases just cited. We repeat what we said in *Perlis v. Kuhns.* If we did not consider the "Dead Man's" rule waived when discovery rights are exercised it would enable one party to search the conscience of his adversary, drag to light his private papers and other evidence, and then repudiate the result, if the experiment proved unsatisfactory. Furthermore, in *Anderson v. Hughes,* supra, our Supreme Court specifically stated, in referring to *Perlis v. Kuhns,* that, "where a party is required to answer pretrial interrogatories, any objection based upon the 'Dead Man's' rule to the competency of such party to testify at the trial is waived even though the answers to the interrogatories were not offered in evidence."

Whether the plaintiff's answers were used as evidence at the trial, to cross-examine plaintiff or otherwise, appellant had the advantage of knowing what plaintiff would say and was in a better position to defend the action with that information in his possession than without it. We must, therefore, reject appellant's contention and distinction since we conclude that such advantage enured to him regardless of who might have initiated the discovery proceedings, he as administrator or the decedent.

Judgment affirmed.