William TREHARNE, a minor, by Jeanne Treharne, and John F. Treharne, his parents and natural guardians, and Jeanne Treharne, in her own right, and John F. Treharne, husband and father in his own right, Plaintiffs,

v.

Howard W. CALLAHAN, Defendant,

v.

Jeanne TREHARNE, Third-Party Defendant.

Civ. A. No. 66–895.

United States District Court
W. D. Pennsylvania.

Aug. 8, 1968.

McArdle & McLaughlin, Pittsburgh, Pa., for plaintiff.

Royston, Robb, Leonard, Edgecombe, Miller & Shorall, Pittsburgh, Pa., for defendant.

Weis & Weis, Pittsburgh, Pa., for third-party defendant.

## ORDER

GOURLEY, Chief Judge.

In this proceeding based on diversity negligence, at pretrial conference a question arose as to the competency of the plaintiffs to testify as to facts and circumstances surrounding the accident for the reason that the defendant was deceased, the death having occurred subsequent to the accident from a cause not related thereto. Prior to the death, extensive interrogatories were submitted by the defendant to the plaintiff.

The question is presented as to whether or not the submission of interrogatories by the defendant to the plaintiffs constitutes a waiver of the right of the plaintiffs to testify to the facts and circumstances surrounding the accident under the Dead Man's Statute of Pennsylvania, P.L. 158, Section 5, Clause (e), 28 P.S., Section 322.

It is the considered judgment of the court that the presentment of the interrogatories prior to the death constitutes a waiver of the Dead Man's Statute and that the plaintiffs should be permitted to testify at the time of trial.

Now, therefore, this 8th day of August, 1968, it is ordered and directed that at the time of trial the plaintiffs should be permitted to testify as to any facts and circumstances relative to the accident.