William TREHARNE, a minor, by Jeanne Treharne and John F. Treharne, his parents and natural guardians, and Jeanne Treharne, in her own right, and John F. Treharne, husband and father, in his own right, Plaintiffs,

v.

Caroline CALLAHAN, Executrix of the Estate of Howard W. Callahan, Deceased, Defendant and Third-Party Plaintiff,

v.

Jeanne TREHARNE, Third-Party Defendant.

Civ. A. No. 66–895.

United States District Court
W. D. Pennsylvania.

Aug. 18, 1969.

William W. McVay, of McArdle & McLaughlin, Pittsburgh, Pa., for plaintiffs.

Wallace E. Edgecombe, Pittsburgh, Pa., for defendant.

Bryan Campbell, of Weis & Weis, Pittsburgh, Pa. for third-party defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

This diversity action involved a two car accident on the Pennsylvania Turnpike in Somerset County, Pennsylvania, at about 5:00 P.M. on August 15, 1965. Two of the plaintiffs, Jeanne Treharne and her minor son, William, were proceeding westward in a Volkswagen bus-type vehicle. The Volkswagen collided with the rear of a Buick automobile proceeding in the same direction in which Howard Callahan and his wife, Caroline, were occupants. Mrs. Treharne was the driver of the Volkswagen, and Mr. Callahan was the driver of the Buick. As a result of the accident Mrs. Treharne was severely injured; William sustained minor injuries; the Callahans were not hurt; and the vehicles were extensively damaged. Other than the occupants, there were no eye-witnesses to the accident.

The Treharnes' joined by the husband and father, brought suit in July, 1966 against Mr. Callahan. The claims were severed and Jeanne Treharne was made a third-party defendant; later Mr. Callahan filed a counterclaim against Mrs. Treharne for the damage to his Buick.

While the action was pending, Mr. Callahan died [1] from causes unrelated to the accident and his executrix was substituted.

The trial resulted in jury verdicts in favor of the defendant in the original action; in the counterclaim the verdict was in favor of the counterclaimant and against Jeanne Treharne in the sum of $2,235.55; judgments were entered on the verdicts. The plaintiffs and third-party defendant moved for a new trial for the reason that the verdicts were against the weight of the evidence; the third-party defendant also moved for judgment n. o. v. on grounds of insufficient evidence and that the evidence convicted defendant's decedent of contributory negli-

[1.] Defendant's brief received by the pretrial judge on August 6, 1968 stated that Mr. Callahan died in April, 1968.

gence. In my opinion these motions should be denied.

I have no doubt that the plaintiffs produced sufficient evidence from which the jury could have found that Mr. Callahan was the negligent cause of the accident and Mrs. Treharne and her son, William, were free from contributory negligence. Both plaintiffs were permitted to testify to the facts and circumstances of the accident over the defendant's objection invoking the Pennsylvania Dead Man's Rule, 28 Pa.Purdon's Stat.Ann. § 332.[2]

After the plaintiffs had rested the defendant offered in evidence certain written answers which Mr. Callahan had made during his lifetime to "Supplemental Interrogatories" propounded by plaintiffs. The writtten answers were hearsay since they were offered to prove the truth of what they asserted. Generally these answers were sharply at variance to the testimony of Mrs. Treharne and, if believed, were sufficient to enable the jury to find that Mrs. Treharne was the negligent cause of the accident and that Mr. Callahan was free from contributory negligence.

Since the issue of liability depended solely upon the credibility of Mrs. Treharne and Mr. Callahan,[3] supplemented by inferences to be drawn from the testimony of the investigating state policemen and the exhibits, the evidence including the Callahan answers allowed the jury to attribute the cause of the accident to negligence on the part of Mrs. Treharne. Although I might have come to a different conclusion, the jury had within its sole province the determination of the factual basis of the cause of the accident and, as trial judge, I am not free to reweigh the evidence and set aside the verdicts merely because the jury could have drawn different inferences or conclusions or because I might feel that other results are more reasonable. Tennant v. Peoria P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1944). " * * * [T]he continuing concern of the courts of the United States [is] that in the federal forum the constitutional right to jury trial [should] not be eroded by judicial intrusions upon the province of the jury * * *." Rumsey v. Great Atlantic and Pacific Tea Company, 408 F.2d 89, 91 (3d Cir. 1969). I cannot perceive any clear manifestation that the verdicts were arbitrary or the result of caprice, prejudice or improper motive.

The plaintiffs and third-party defendant pressed their motion for a new trial on the ground that I erred in overruling their objections to the admission in evidence of the answers made by Mr. Callahan in his lifetime to plaintiffs' "Supplemental Interrogatories". Plaintiffs' brief states that "some or all of the answers read were or might be based on hearsay or information, that the answers were purely self-serving declarations and that the plaintiff [sic] and third-party defendant had not been afforded the right of cross-examination on the answers supplied." [4][5] If these objections

---

2. The pretrial judge, by order filed August 8, 1968, D.C., 288 F.Supp. 131, ruled that the plaintiffs should be permitted to testify for the reason "that the presentment of the interrogatories [to Mrs. Treharne by Mr. Callahan] prior to * * * [his] death constitutes a waiver of the Dead Man's Statute * * *." As trial judge I was bound by that order, United States v. Wheeler, 256 F.2d 745, 746–747 (3d Cir. 1958); cf. Hart v. Friedman, 29 F.R.D. 2, 5 (E.D.Pa.1961), which seems to be in accord with Pennsylvania law. Brown v. Saladoff, 209 Pa.Super. 263, 228 A.2d 205 (1967); but see, Campbell v. Bennett, 24 Pa.Dist. & Co.R.2d 716 (1961); Annotation, 23 A.L.R.3d 389, § 6.

3. The testimony of William Treharne, 12 years old at the time of the accident, shed no light on its cause. Mrs. Callahan was unable to come to court to testify.

4. Since a trial transcript was not ordered, I assume that the quoted objections taken from plaintiffs' brief, page 3, embraced all the objections made at the trial.

5. Plaintiffs timely noticed Mr. Callahan for a deposition on oral examination on

should have been sustained, the plaintiffs are surely entitled to a new trial, and the third-party defendant is entitled to judgment n. o. v., for the only substantive testimony probative of the negligence of Mrs. Treharne and the carefulness of Mr. Callahan was contained in the latter's answers to plaintiffs' interrogatories.[6]

Although the written answers of the decedent to the "Supplemental Interrogatories" are hearsay, I think they, like depositions, constitute an exception to the hearsay rule as prior testimony and their use at trial is sanctioned by the Federal Rules of Civil Procedure.

The plaintiffs' interrogatories were issued pursuant to Rule 33, Fed.R.Civ.P., which provides:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served * *. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them * * *.

"Interrogatories may relate to any matters which can be inquired into under Rule 26(b), *and the answers may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party. * * *"* (Emphasis supplied.)

Rule 26(d) provides:

*"Use of Depositions.* At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:

"* * *

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, that the witness is dead; * * *."

Since Mr. Callahan's answers were made under oath[7] and he was dead at the time of the trial, his answers "so far as admissible under the rules of evidence, may be used against any party * * *" at the trial. All of the answers appear to me to be testimony concerning the facts of the accident within the personal knowledge of Mr. Callahan. They were direct responses to the questions propounded by plaintiffs' counsel and would not have been excluded at trial "under the rules of evidence" if Mr. Callahan had been present and testified. Rule 26(e). Since his answers tended to exonerate him from negligence, to that extent they were self-serving as is quite usual and to be expected of an adversary in contested trial issues.

At trial a ruling in favor of the plaintiffs seemed indicated by 4 Moore's Federal Practice, ¶ 33.29[1], and particularly by the designation "Self-serving answers" on page 2420.4 which is part of footnote 7, wherein the learned author states:

"Suppose that in response to *P*'s interrogatories *D* served answers, then died and his personal representative,

---

March 6, 1967. Unfortunately for them, the oral deposition was not taken at that time for reasons which do not appear. In September 1967, in his answers to Supplemental Interrogatories 27 and 33, Mr. Callahan stated that he was ill and unable to be deposed in September, 1967, and had been ill for about six months prior thereto. As it turned out, plaintiffs' indulgence cost them the opportunity to orally probe Mr. Callahan, prior to his death in April, 1968, for factual evidentiary details surrounding the accident.

6. Callahan's answers admitted into evidence according to my trial notes were 4, 5, 6, additional 6, 7, additional 7, 8 through 17, 21, 23, 24, 27(a)(b)(c), 28 (a)(b)(c)(d), 32, 33(a)(b).

7. The Callahan affidavit verifying his answers is the customary one and is exactly the same as the affidavit attached by Mrs. Treharne to her answers to the defendant's interrogatories. I think plaintiffs' criticism of the form of the Callahan affidavit is not warranted.

$X$, was substituted. See ¶ 26.32 *supra*. To the extent that $D$'s answers contained admissible evidence, such as admissions, $P$ could use them either under Rule 26(d) (2) or (d) (3). But $X$, despite Rule 26(d) (3), should not be able to use material in the answers favorable to $X$'s case or defense, since $D$'s answers, although under oath, *were not subject to cross-examination by P, and hence are not admissible in evidence against P. * * *"* (Emphasis supplied.)

But examination of Derewecki v. Pennsylvania Railroad Company, 353 F.2d 436, 438–443 (3d Cir. 1965), revealed that the admission in evidence of a deposition upon oral examination of a deceased party was sustained notwithstanding the absence of an opportunity for cross-examination by the adverse party.[8]

Judge Biggs in commenting on the absence of the opportunity for cross-examination stated:

" * * * But here we have the extraordinary situation of the witness, a one-time party, not being available and having been put beyond the reach of any process by death.

"In endeavoring to dispense justice we are required to weigh the right of cross-examination against the right of the plaintiff at bar to maintain her suit when the sole direct evidence of how the accident occurred is contained in Derewecki's depositions. It is our conclusion upon examining the record that Mrs. Derewecki could not have maintained her suit without the use of these depositions." Derewecki v.

Pennsylvania Railroad Company, *supra*, p. 442.

Similarly, in the instant case, the defendant executrix could not have maintained her defense and counterclaim without the use of the decedent's answers to the written interrogatories.

Judge Biggs finally concluded at page 443:

"On balance we conclude that the court below did not err in admitting the depositions in evidence despite the lack of cross-examination * * *. We reiterate again that the conditions of Rule 26(d) (3) have been met. Certainly the literal language of that rule has been complied with. In this connection we point to Rule 1, which provides that the Rules of Civil Procedure 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' "

See also, Re-Trac Corp. v. J. W. Speaker Corp., 212 F.Supp. 164, 169 (E.D.Wis. 1962), and Rosenthal v. Peoples Cab Co., 26 F.R.D. 116 (W.D.Pa.1960). *Cf.* Bennett v. Williams, 57 Pa. 404 (1868).

Plaintiffs cite as contra authority, inter alia,[9] Haskell Plumbing & Heating Company v. Weeks, 237 F.2d 263, 16 Alaska 436 (9th Cir. 1956), citing Lobel v. American Airlines, 192 F.2d 217 (2d Cir. 1951); United States v. Smith, 95 F.Supp. 622 (W.D.Pa.1951), but it must be pointed out that in these cases the parties who made the answers to interrogatories were alive at the time of trial and available to testify; thus Rule 26(d) (3) was not applicable.

In my opinion the objections of plaintiffs and the third-party defendant to the

---

8. The deponent became ill during the examination and died before it could be completed.

9. Bailey v. New England Mut. Life Ins. Co., 1 F.R.D. 494 (S.D.Cal.1940), relied on by plaintiffs, was decided prior to the 1946 amendment and for that reason is not applicable. Heilig v. Studebaker Corporation, 347 F.2d 686 (10th Cir. 1965), relied on by plaintiffs, and Chi-

cago, M., St. P. & P. R. Co. v. Alva Coal Corporation, 365 F.2d 49, 56 (7th Cir. 1966); B. F. Goodrich Tire Company v. Lyster, 328 F.2d 411 (5th Cir. 1964); Hart v. Friedman, 29 F.R.D. 2 (E.D.Pa. 1961); Franzen v. E. I. Du Pont De Nemours & Co., 146 F.2d 837 (3d Cir. 1944), relied on by defendant, are not applicable to the precise problem under consideration.

admission in evidence of the answers of the deceased defendant were properly overruled.

Appropriate orders will be entered.