**Lanny A. DeMOTT, Plaintiff-Appellant,**

v.

**Jay B. DILLINGHAM, Executor of the Estate of J. B. McCorkle, Deceased, Defendant-Respondent.**

**No. KCD26999.**

Missouri Court of Appeals, Kansas City District.

Aug. 5, 1974.

Hull & Strong, John H. Fraze, Maryville, for plaintiff-appellant.

Beavers, Thomson, Beavers & Ross, Joe Beavers, Maryville, for defendant-respondent.

Before DIXON, C. J., and SHAN-
GLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The plaintiff brought an action to en-
force an oral contract whereby J. B. Mc-
Corkle allegedly agreed to pay plaintiff
$10,000 for the procurement for McCorkle
of employment as sales manager of a cattle
dispersion sale for which McCorkle was
paid $20,000. McCorkle had paid plaintiff
$1,000 and plaintiff now sues to recover
the balance.

After the commencement of the action,
the deposition of plaintiff was taken on be-
half of McCorkle, then the defendant.
Thereafter, but prior to trial, McCorkle
died and the executor of his estate was
duly substituted as party defendant.

The cause was tried to the court. The
plaintiff offered into evidence his oral tes-
timony concerning the alleged contract
with the deceased and, also, offered the
deposition of plaintiff taken on behalf of
McCorkle, then defendant. The executor
sought to exclude the evidence as incompe-
tent under § 491.010, RSMo. 1969, V.A.M.
S., the dead man's statute. The trial court
refused the deposition, and after having
admitted the oral testimony of plaintiff
provisionally, excluded it as well at the
conclusion of the evidence. Judgment was
awarded defendant.

The plaintiff asserts that the trial court
erred in refusing his oral and deposition
testimony as evidence of his conversation
with the deceased McCorkle and of the
agreement between them because defend-
ant, by taking the deposition of plaintiff
and then by his cross-examination of plain-
tiff at the trial, waived the disqualification
of § 491.010 and, at the least, plaintiff was
entitled to give oral testimony concerning
the subject matter of the deposition.

█ The purpose of § 491.010 is to
place all parties to a litigated proceeding
on a parity, so that as to transactions with
a person now deceased, the surviving party

is made incompetent to the extent his testi-
mony might be questioned by the other
party, if living. Elsea et al. v. Smith et
al., 273 Mo. 396, 202 S.W. 1071, 1073[1, 2]
(1918). The incompetency of a witness
under the statute may be waived, however,
as when the party protected by the disqual-
ification takes the deposition of the wit-
ness. Baker v. Baker, 363 Mo. 318, 251 S.
W.2d 31, 33[3] (1952). The plaintiff con-
tends that this principle controls the issue
here, that since McCorkle took the deposi-
tion of the plaintiff, the trial court erred
in excluding the oral testimony of the
transaction offered by plaintiff. The deci-
sion in *Baker* has no application to the
facts here. In that case the defendant was
held to have waived the protection of the
statute when she took the deposition of a
party who was disqualified as a witness be-
cause the other party to the transaction
[through whom plaintiff claimed] was
dead. In the present case, on the other
hand, plaintiff was a competent witness
when the deposition was taken because
McCorkle was then still alive, thus the ex-
ecutor cannot be held to have waived the
benefit of a disqualification which had not
yet accrued.

█ The plaintiff contends, however,
that a litigant who takes the deposition of
his adversary gains the same advantage of
discovery whether taken before or after
the death of the other party to the transac-
tion, so the same rule of waiver of the dis-
qualification of § 419.010, of right, should
apply in either case. This is the view ex-
pressed in Brown v. Saladoff, 209 Pa.Su-
per. 263, 228 A.2d 205 (1963) [cited on this
point by plaintiff] but not followed in Mis-
souri. The long-standing rule in this state
is that [Messimer v. McCrary, 113 Mo.
382, 21 S.W. 17, l.c. 19 (1893)]:

The competency of a witness to testify
can only be determined when his deposi-
tion is offered upon the trial, at which
the deposition stands for the witness. *If
he is not competent under the law as it
then exists, his deposition cannot be
read, although he may have been compe-*

*tent under the law as it existed when it was taken.* (Emphasis added.)

It is the sense of this rule that the taking of a deposition is never a part of the trial of the action, but only a preparation designed to obtain or preserve evidence for subsequent use at the trial if the evidence is then admissible and a party chooses to make use of it. Woelfle v. Connecticut Mut. Life Ins. Co., 234 Mo.App. 135, 112 S.W.2d 865, 873[8–10] (1938).[1] It is implicit in these holdings that the mere taking of a deposition from a witness competent to give it does not waive an incompetency which arises thereafter.

■ The plaintiff cites from Vigeant v. Fidelity National Bank and Trust Co., 239 Mo.App. 46, 188 S.W.2d 533, l.c. 537 (1945) a fragment which appears to declare a contrary principle:

Where the disability is raised by statute, it supposes a total disqualification at the time of trial, or when the evidence is taken. But it is not intended to exclude evidence which was admissible and competent at the time it was given.

That case, however, neither touches the waiver of incompetency under the dead man's statute nor impairs the rule that the competency of a deposition as evidence is to be determined by the law as it exists at the time of trial. *Vigeant* was an action for a real estate commission. The deponent, the president of the defendant bank, who had transacted the agreement of sale with plaintiff on behalf of the bank, died prior to the trial. The defendant bank conceded that plaintiff could properly read the deposition of the decedent into evidence, but asserted that the dead man's

statute barred plaintiff from offering testimony in contradiction of the statements contained in the deposition. The court first determined [citing Parsons v. Parsons, 45 Mo. 265 (1870)] that the purpose of the statute is to place the parties on an equality, a purpose served by permitting the decedent to speak through his deposition. The court then determined that plaintiff was not conclusively bound by the deposition testimony of the decedent but could offer evidence in contradiction of testimony so preserved. *Vigeant* is no support for the issue of waiver raised on this appeal. On the contrary, to allow plaintiff the testimony of his own deposition when that of the decedent has not been similarly preserved is to accord an advantage the dead man's statute designs to prevent.

■ The plaintiff does not suggest, in any event, how waiver by the defendant of the benefit of the dead man's statute would have allowed his deposition testimony as evidence at the trial which he personally attended. Depositions may be used and read in evidence only as provided by Rule 57.29, V.A.M.R. [§ 492.400, RSMo. 1969, V.A.M.S.]. A deposition may not be read in evidence when the deponent is present in court except where it is offered to impeach the testimony of the witness or as an admission against his interest. Barber Asphalt Pav. Co. v. Ullman, 137 Mo. 543, 38 S.W. 458, 465 (1896); Winegar v. Chicago, B. & Q. R. Co., 163 S.W.2d 357, 367 [11] (Mo.App.1942). Our decisions have formulated in the special circumstance of the dead man's statute the one exception *Vigeant* intimates: that the deposition of the surviving party to a transaction will be allowed as evidence where to deny the use would result in an unconscionable advan-

1. See, also, Howard v. Strode, 242 Mo. 210, 146 S.W. 792, l. c. 797 (1912) which holds that the statute [present § 492.400] which provides that depositions "may be read and used as evidence in a cause in which they shall have been taken as if the witnesses were present and examined in open court on the trial thereof" treats the deposition as a witness and the competency

512 S.W.2d—58½

of each is to be determined by the status of the witness upon the stand. Also, Maplewood Planing Mill and Stair Co. v. Pennant Construction Co., 344 S.W.2d 629, 633 (Mo.App.1961) which holds [l. c. 633] that the competency of a deposition as evidence is to be determined at the time it is offered at the trial.

tage to the deceased adversary party. Thus, where the testimony of the decedent has been preserved by deposition or prior trial record and is thus available as evidence to the personal representative of the decedent, the surviving party may testify to those matters raised in the testimony so preserved. Coughlin v. Haeussler, 50 Mo. 126 (1872); Stone v. Hunt, 114 Mo. 66, 21 S.W. 454 (1893); Parsons v. Parsons, *supra*. There is no contention that these circumstances governed the trial of this cause now on appeal; the deposition of plaintiff, as well as his oral testimony at the trial, were properly refused as evidence.

■■■ The plaintiff also contends that at the trial the defendant cross-examined as to new matter and, to that extent, waived the benefit of the dead man's statute. This point, made abstractly and without reference either to transcript designation or to the substance of the complaint, is not properly presented for our review.

The judgment of the trial court is affirmed.

All concur.