Carl WELCH and WELCH MOTOR
COMPANY *v.* Wendell HOOD, Executor
in Succession

80-273                                    613 S.W. 2d 88

Supreme Court of Arkansas
Opinion delivered March 9, 1981
[Rehearing denied April 13, 1981.]

*Eilbott, Smith, Eilbott & Humphries*, for appellants.

*Howell & Price, P.A.*, for appellee.

GEORGE ROSE SMITH, Justice. In 1966 E. W. Hood leased a building to Carl Welch, who used it in part as a shop for the painting of cars. The building was uninsured when it was destroyed by fire in 1969. In this action by the landlord to recover compensation for the loss, the tenant relies on this clause in the lease to exempt him from liability: "It is agreed that the Lessee shall not be liable to restore any damage caused by fire, windstorm or any other casualty beyond his control." The case has been in this court on two earlier appeals. *Hood* v. *Welch*, 249 Ark. 1159, 463 S.W. 2d 362 (1971); *Hood* v. *Welch*, 256 Ark. 362, 507 S.W. 2d 503 (1974). Our jurisdiction comes from Rule 29 (1) (j).

After the second remand the case was submitted to the trial judge for decision on the record made at the trial after the first remand. The court found that the fire was caused by the negligence of the tenant's employees and awarded a $30,130 judgment to the landlord. For reversal the tenant argues only that the lease is ambiguous and should have been construed by the trial court against the landlord, who assertedly prepared it. (The appellee criticizes the appellants' failure to abstract the judgment, but the appellee has supplied the only important finding, that the tenant's negligence caused the fire.)

On the first appeal we held that the clause now in question is ambiguous. The testimony taken later, however, did not compel the trial judge to resolve that uncertainty in

favor of the tenant as a matter of law. To begin with, it is not shown beyond dispute that the landlord actually prepared the lease. Rather, the proof is so fragmentary that the trial judge was not required to decide that issue either way and apparently did not do so.

Second, and more important, a rule of contractual construction is not an inflexible command that leaves the trial judge with no choice except to follow it. The rule that a contract is to be interpreted against the party preparing it is merely one of many rules of construction, which often suggest contrary results in a particular case. Such rules are general in character and serve merely as guides to achieving a final result, here the determination of the parties' intention. See Restatement of Contracts, § 235, Comment *a* (1932). Our opinion on the first appeal mentioned a countervailing rule favoring the landlord, that courts are reluctant to find an intent by one party to assume responsibility for the other party's negligence. That first opinion held in substance that the interpretation of this lease is a mixed question of law and fact to be determined in the light of testimony. The tenant, as appellant, now argues only that the lease should be construed against the landlord because he supposedly prepared it. That argument falls short of demonstrating that the trial court's decision is clearly erroneous. Indeed, if the issue had not been subject to being decided in favor of either party, we would not have remanded the case for trial.

Affirmed.