J-A13022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RODNEY L. O'DONNELL AND TINA M. O'DONNELL, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| THERESA J. MORTIMER, ADMINISTRATOR OF THE ESTATE OF MICHELLE A. SCHNUR | |
| Appellee | No. 1058 WDA 2015 |

Appeal from the Order Dated June 12, 2015
In the Court of Common Pleas of Butler County
Civil Division at No: No. AD14-10978

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 29, 2016**

Rodney L. O'Donnell and Tina M. O'Donnell, his wife (collectively "Appellants") appeal from the order entered June 12, 2105, following the Court of Common Pleas of Butler County's ("trial court") grant of Appellee Theresa J. Mortimer's, Administrator of the Estate of Michelle A. Schnur, motion for summary judgment.  For the reasons set forth below, we affirm.

The facts and procedural history of this case are undisputed.[1]  On December 4, 2012, Mr. O'Donnell's and Ms. Schnur's cars collided at the

_____

[1] Unless otherwise specified, these facts come from the trial court's June 12, 2015 opinion.

intersection of State Routes 68 and 38.[2]  On November 14, 2014, Appellants

filed a complaint in negligence against Ms. Schnur.   Because Ms. Schnur

passed away on May 3, 2014, approximately six months prior to the filing of

the complaint, Appellants amended the complaint on December 10, 2014 to

include the estate of Ms. Schnur.   Appellants alleged:

> 13. On December 4, 2012, at approximately 5:50 p.m., [Mr. O'Donnell] was traveling South on State Route 68, near the intersection of State Route 38.
>
> 14. When [Mr. O'Donnell] came to the intersection of State Route 68 and State Route 38, the traffic signal was green and [Mr. O'Donnell] proceeded through the intersection with the right of way.
>
> 15. At the same time and place, [Ms. Schnur] was traveling North on State Route 68.
>
> 16. It was raining and the road surface was wet.
>
> 17. When [Ms. Schnur] came to the intersection of State Route 68 and State Route 38, she proceeded through the intersection and attempted to turn left onto State Route 38.
>
> 18. [Ms. Schnur] failed to yield the right of way and drove directly into left front area of the O'Donnell vehicle.  The violent force of the impact caused the O'Donnell vehicle to rotate in a clockwise position; it came to rest in a westerly direction in the intersection of State Route 68 and State Route 38.   The O'Donnell vehicle was towed from the scene.

Appellants' Amended Complaint, 12/10/14, ¶¶ 13-18.   Appellants alleged

that, as a result of Ms. Schnur's action, Mr. O'Donnell sustained extensive

injuries and damages.  *Id.* at ¶ 19, 22-23.   Appellee filed an answer to the

---

[2] Mr. O'Donnell's father-in-law was a passenger in Mr. O'Donnell's vehicle at the time of the accident.  For reasons not relevant *sub judice*, the father-in-law has passed away.  N.T. Argument, 5/8/15, at 6.

complaint, generally denying Appellants' averments and raising new matter, in which Appellee asserted, *inter alia*, a defense under the Dead Man's Act, 42 Pa.C.S.A. § 5930.  **See** Answer and New Matter, 1/26/15, ¶¶ 26-34.

On March 13, 2015, Appellee moved for summary judgment against Appellants on the basis that Mr. O'Donnell was not competent under the Dead Man's Act to testify at trial regarding the circumstances surrounding the motor vehicle accident.  The Dead Man's Act provides in pertinent part:

> Except as otherwise provided in this subchapter, in any civil action or proceeding, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed . . . to a party on the record who represents his interest in the subject in controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . party, shall be a competent witness to any matter occurring before the death of said party[.]

42 Pa.C.S.A. § 5930.  Appellee specifically argued that Mr. O'Donnell's "interests in this litigation are directly adverse to those of [Appellee,]" acting on behalf of the estate of Ms. Schnur.[3]  Appellee's Motion for Summary Judgment, 3/13/15, at ¶ 15.

---

[3] Appellee did not waive the protections of the Dead Man's Act because it did not conduct discovery.  **See Anderson v. Hughes**, 208 A.2d 789, 791 (Pa. 1965) (noting that when a decedent before he died or a decedent's representative has required an adverse party to be deposed or to answer interrogatories, any objection based upon the Dead Man's Act to the competency of such a party to testify at the trial is waived, even though the discovery is not offered in evidence).

Objecting to Appellee's summary judgment motion, Appellants noted that they were permitted to offer other evidence under the Dead Man's Act. In this regard, they attached, *inter alia*, to their response to Appellee's summary judgment motion an expert report regarding the motor vehicle accident.[4] ***See*** Appellants' Response to Summary Judgment, 5/1/15.

On May 8, 2015, the day arguments were scheduled on the summary judgment motion, Appellee filed a reply brief, addressing the issues raised in Appellants' response to the summary judgment motion. Appellee argued, *inter alia*, that the conclusions contained in Appellants' expert report lacked proper factual foundation because they were rooted in speculation. Appellee's Reply Brief, 5/8/15, at 4. Particularly, Appellee argued that Appellants' expert's conclusion were based on an investigation of the accident scene, specifically the traffic signal, that occurred more than two and one-half years after the accident. ***See id.*** ("The alleged investigation occurred on April 21, 2015, nearly two and a half years after the December 4, 2012 incident date.").

At argument, Appellee's counsel repeated, among other things, that Appellants' expert report lacked proper foundation. Specifically, counsel argued:

---

[4] The expert report was dated April 23, 2015 and was prepared more than a month after Appellee moved for summary judgment.

- 4 -

> And, your Honor, this is purely speculation and a bold conclusion. The investigation of the traffic signal happened on April 21st, 2015. This accident occurred on December 4, 2012. This is two-and-a-half years later. And we would not have an issue with this if there was any basis or foundation within the expert report that establishes a correlation or a link to say that the traffic signals were the same that day or were similar, but instead what we are left with is just "we looked at the light in 2015." . . . . I mean, for all we know the light could have, in theory, been changed 20 times pattern[-]wise or seconds or how they operated the light. There is no causal connection to that.

N.T. Argument, 5/8/15, at 5-6. In response, Appellants' counsel argued that the adequacy of the expert report was an issue of fact to be decided by the jury. *Id.* at 7. Appellants' counsel also mentioned in passing that he received Appellee's reply brief late on the previous day.[5] *Id.* Finally, Appellants' counsel acknowledged that Mr. O'Donnell would be incompetent to testify under the Dead Man's Act. *See id.* at 8 ("So the Dead Man's Act only applies to . . . O'Donnell[.]").

On June 12, 2015, the trial court issued an opinion and order granting Appellee's summary judgment motion. The trial court concluded, among other things, that Appellants could not establish a *prima facie* case of negligence because its expert report did not capture the timing and phasing of the traffic signal at the time of the accident in 2012. Appellants timely appealed to this Court. Following Appellants' filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a

---

[5] Appellants' counsel failed to object to the submission of the reply brief or the trial court's consideration of issues raised therein.

Pa.R.A.P. 1925(a) opinion, wherein the court largely adopted the findings and conclusions set forth in its June 12, 2015 opinion.

On appeal,[6] Appellants raise only two issues for our review:

I.   Whether the trial court erred in granting summary judgment when the court's decision was based on an issue raised in [Appellee's] reply brief filed the day of the summary judgment argument and when [Appellants were] not given any opportunity to file a sur-reply brief and/or submit additional evidence to address the issue on which the court ultimately granted summary judgment[.]

II.   Whether the [trial c]ourt erred in finding that [Appellants'] expert report was insufficient evidence to establish a *prima facie* case of negligence against [Ms. Schnur.]

Appellants' Brief at 4.

_____

[6] It is well-settled that

> [o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting *Cassel-Hess v. Hoffer*, 44 A.3d 80, 84-85 (Pa. Super. 2012)). Moreover, "[w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers to survive summary judgment." *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 563 (Pa. Super. 2014) (citation omitted). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Id.*

At the outset, we note that we need not address Appellants' first issue. Our review of the record, specifically the May 8, 2015 hearing transcript, reveals that Appellants have waived this issue by failing to object to Appellee's reply brief at any time before the trial court prior to filing their Rule 1925(b) statement. Accordingly, Appellants are not entitled to relief on the first issue.[7]  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

We now turn to Appellants' second argument that the trial court erred in concluding that their expert report was inadequate or insufficient to establish a *prima facie* case for negligence against Appellee.

It is settled that:

> [E]xpert testimony is incompetent if it lacks an adequate basis in fact.  While an expert's opinion need not be based on absolute certainty, an opinion based on mere possibilities is not competent evidence.  This means that expert testimony cannot be based solely upon conjecture or surmise.  Rather, an expert's assumptions must be based upon such facts as the jury would be warranted in finding from the evidence.

---

[7] To the extent Appellants argue that the trial court erred in failing to grant them an opportunity to file a sur-reply brief, we disagree.  As the trial court aptly explained:

> Appellants did not request, at oral argument or at any time thereafter, any leave to file a sur-reply to [Appellee's] reply brief, or to supplement the record or their expert's report, or for re-argument.  Absent any request to file a [sur-]reply, or to supplement the record or the expert's report, or for re-argument, [the trial court] decided the motion for summary judgment based upon the record before it.

Trial Court Opinion, 8/26/15, at 2.  Moreover, Appellants also did not invoke Pa.R.C.P. No. 1035.3(c) to supplement the record through affidavits, depositions, or other additional discovery.  **See** Pa.R.C.P. No. 1035.3(c).

*Helpin v. Trs. of the Univ. of Pa*, 969 A.2d 601, 617 (Pa. Super. 2009) (internal citations and quotation marks omitted).

Here, the parties agree that, because the Dead Man's Act renders Mr. O'Donnell incompetent to testify about the accident, the only way Appellants may be able to establish negligence is by offering an expert report that demonstrates that Ms. Schnur likely failed to yield to Mr. O'Donnell's southbound vehicle prior to turning left onto State Route 38. To do that, Appellants had to establish that the traffic signal was functioning properly at the time of the accident and that Mr. O'Donnell had the right-of-way. They, however, failed to do so.

As the trial court reasoned:

> In this instance, the light's signal phasing and timing as of the time of the accident are critical to the accuracy and reliability of the conclusions in [the expert's] report.[8] However, [the expert's] opinion does not state that the light's signal phasing and timing in 2015 were the same as the signal phasing and timing as of the time of the accident. Moreover, [Appellants] have not offered into the record, or requested to supplement the record with any other facts that would support an assumption that the light's signal phasing and timing at the time of the investigation [in 2015] were the same as those at the time of the accident [in 2012]. Absent a connection between the signal phasing and timing of the light at the two relevant time periods, [the expert's] conclusions, regarding causation, lack adequate factual foundation.
>
> . . . .

---

[8] It is the law in Pennsylvania that an expert's conclusions that are not supported by the record may be disputed at the summary judgment juncture, while credibility and weight attributed to those conclusions may not. *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1161 (Pa. 2010).

> Therefore, as [Appellants'] expert's report lacks an adequate foundation, and [Appellants have] not produced other evidence to establish said foundation, the expert's report is inadmissible. As a result, the remaining record in this case is devoid of evidence to establish a *prima facie* case of negligence.

Trial Court Opinion, 6/12/15, at 10-11. Thus, viewing the record in the light most favorable to Appellants, as the nonmoving party, and resolving all doubts as to the existence of a genuine issue of material fact against Appellee, as the moving party, we conclude that the trial court did not err in granting Appellee's motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016